1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    PAULA M. WEBER #121144
2   NEELAM NAIDU #239052
    50 Fremont Street
3   Post Office Box 7880
    San Francisco, CA 94120-7880
4   Telephone: (415) 983-1000
    Facsimile: (415) 983-1200
5
    Attorneys for Defendant
6   APEX SYSTEMS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  JASON DILLON,                    )   Case No.
12                                   )
                   Plaintiff,        )   C 07 4746
13                                   )
         vs.                         )   DEFENDANT APEX
14                                   )   SYSTEMS, INC.'S NOTICE
                                     )   OF REMOVAL TO
15                                   )   FEDERAL COURT
    APEX SYSTEMS, INC. and DOES 1-25,)
16                                   )   28 U.S.C. § 1441(b)
                   Defendants.       )   [DIVERSITY JURISDICTION]
17                                   )
                                     )
18                                   )
                                     )
19

20       TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

21  DISTRICT OF CALIFORNIA, PLAINTIFF JASON DILLON AND PLAINTIFF'S

22  ATTORNEYS OF RECORD:

23       PLEASE TAKE NOTICE THAT DEFENDANT APEX SYSTEMS, INC. ("Apex

24  Systems" or "Defendant") shall remove and hereby removes this action from the Superior

25  Court of the State of California for the County of San Mateo to the United States District

26  Court for the Northern District of California. This action has been removed to this Court

27  for the reasons set forth below.

28

1      1.      <u>Diversity Jurisdiction</u>. This action is a civil action of which the Court has

2    original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this

3    Court by Defendant pursuant to 28 U.S.C. § 1441(a) and (b) in that it is a civil action

4    wherein the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and

5    costs, and is between citizens of different states, as explained more fully below.

6      2.      On July 20, 2007, Plaintiff filed in the Superior Court of the State of

7    California for the County of San Mateo a civil action entitled "<u>Jason Dillon vs. Apex</u>

8    <u>Systems, Inc., and Does 1-25</u>" and numbered CIV 464633. The Complaint alleges the

9    following eight causes of action: (1) Failure to Pay Overtime; (2) Waiting Time Penalties

10   [Cal. Lab. Code § 203]; (3) Failure to Provide Accurate Itemized Statements [Cal. Lab.

11   Code § 226]; (4) Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512 and IWC

12   Wage Orders]; (5) Failure to Provide Rest Periods [Cal. Lab. Code § 226.7 and IWC Wage

13   Orders]; (6) Unfair Competition [Cal. Bus. & Prof. Code § 17200 <u>et seq.</u>]; (7) Failure to

14   Produce Records [Cal. Lab. Code § 1174.5]; and (8) Constructive Trust.

15     3.      On August 17, 2007, a process server delivered a Summons, the Complaint,

16   and other required papers under local rule (Exhibit A) in an envelope to Defendant's branch

17   office in San Francisco, California.

18     4.      Defendant filed an answer to the Complaint on September 14, 2007 (Exhibit

19   B).

20     5.      Although Plaintiff seeks an unspecified amount of damages above $25,000

21   in connection with the Prayer for relief set forth in his Complaint, he is clearly seeking

22   damages that would total in excess of $75,000. Specifically, Plaintiff seeks special

23   damages for back pay and front pay; general damages; statutory damages; restitution and

24   disgorgement of profits; punitive damages; prejudgment and postjudgment interest on all

25   damages; all California Labor Code penalties, including waiting time penalties; attorney's

26   fees; costs of suit; and compensation for missed meal and rest periods. Plaintiff has

27   previously sent a demand letter to Defendant seeking an amount in excess of $75,000. The

28   amount in controversy requirement of 28 U.S.C. § 1332(a) has been met, and this action is

700804779v1                                    - 2 -

1    removable to federal court pursuant to 28 U.S.C. § 1441.

2        6.    Defendant is informed and believes that Plaintiff Jason Dillon was, and still

3    is, a citizen of the state of California within the meaning of 28 U.S.C. § 1332(a) because his

4    place of residence and domicile was and is within the state of California. Defendant Apex

5    Systems – incorporated under the laws of the state of Virginia and having its principal place

6    of business in the state of Virginia – was, at the time of the filing of this action, and still is,

7    a citizen of the state of Virginia, and is the only defendant that has been served summons

8    and complaint in this action.

9        7.    The presence of Doe defendants in this case has no bearing on diversity with

10    respect to removal. "For purposes of removal under this chapter, the citizenship of

11    defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

12        8.    Because Plaintiff and Defendant Apex Systems are citizens of different

13    states, and because the Court may disregard the citizenship of Doe defendants, there is

14    complete diversity between the parties and the requirements for removal under 28 U.S.C.

15    §§ 1332(a) and 1441(a) are satisfied.

16        9.    Venue. Venue lies in the United States District Court for the Northern

17    District of California, because Plaintiff's state court action was filed in and is pending in the

18    Superior Court of the State of California for the County of San Mateo, which is within this

19    judicial district. 28 U.S.C. § 1441(a); N.D.C.A. L.R. 3-2(d).

20        10.    Defendant will file a copy of this Notice of Removal in San Mateo County

21    Superior Court as required by 28 U.S.C. § 1446(d).

22        11.    Defendant desires and hereby requests that this entire action be removed to

23    this Court as permitted by law.

24        12.    The attached Exhibits constitute all pleadings, process and orders served on

25    or by Defendant in this action.

26        //

27

28

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT – Case No. _____

1        Wherefore, Defendant APEX SYSTEMS, INC. prays that this action be removed

2   from San Mateo County Superior Court to the United States District Court for the Northern

3   District of California.

4        Dated:  September 14, 2007.

5                                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                                     PAULA M. WEBER
6                                    NEELAM NAIDU
                                     50 Fremont Street
7                                    Post Office Box 7880
                                     San Francisco, CA 94120-7880
8

9
                                     By  *Neelam Naidu*
10                                         NEELAM NAIDU
                                         Attorneys for Defendant
11                                       APEX SYSTEMS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT – Case No. _____

# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Thomas K. Emmitt, State Bar No. 207504<br>65 Pine Avenue. Suite 312<br>Long Beach, California 90802<br>TELEPHONE NO.: (562) 256-1047    FAX NO.: (562) 256-1006<br>ATTORNEY FOR (Name): Plaintiff (Jason Dillon) | RECEIVED<br><br>JUL 2 0 2007<br><br>CLERK OF THE SUPERIOR COURT<br>SAN MATEO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063-1655
BRANCH NAME: Hall of Justice

CASE NAME: Jason Dillon v. Apex Systems, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIV 464633 |
|---|---|---|---|---|
| [XX] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | | JUDGE:<br><br>DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [XX] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental /Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [XX] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [XX] nonmonetary; declaratory or injunctive relief   c. [XX] punitive

4. Number of causes of action (specify):

5. This case [ ] is [XX] is not   a class action suit.

Date: July 9, 2007

Thomas K. Emmitt
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2003] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 201.8, 1800–1812;<br>Standards of Judicial Administration, § 19<br>www.jurisearch.com |
|---|---|---|

**SUMMONS**

*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

APEX SYSTEMS, INC., a California corporation; and DOES 1-25;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JASON DILLON, an individual

**ENDORSED FILED**
SAN MATEO COUNTY

JUL 2 0 2007

Clerk of the Superior Court
by
G. Jackson
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: Superior Court of California County of San *(El nombre y dirección de la corte es):* Mateo<br><br>Hall Of Justice, 400 County Center, Redwood City, CA 94063-1655 | CASE NUMBER: *(Número del Caso):* 464633 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

United Employee's Law Group, P.C.    (562) 256-1047
65 Pine Avenue, Suite 312
Long Beach, California 90802

DATE: JUL 2 0 2007    JOHN C. FITTON    Clerk, by GEORGE JACKSON    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* APEX SYSTEMS, INC.

under: [✓] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [✓] by personal delivery on *(date):*

Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

1　UNITED EMPLOYEES LAW GROUP, P.C.
　　Walter L. Haines, Esq.  SBN 71075
2　Thomas K. Emmitt, Esq.  SBN 207504
　　Charles A. Correia, Esq. SBN 86123
3　65 Pine Ave., #312
　　Long Beach, CA 90802
4　Tel: (562) 256-1047
　　Fax: (562) 256-1006
5
　　Attorneys for Plaintiff,
6　JASON DILLON

**ENDORSED FILED**
SAN MATEO COUNTY

JUL 2 0 2007

Clerk of the Superior Court
By _____ G. Jackson _____
　　　　　　DEPUTY CLERK

7

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## COUNTY OF SAN MATEO

10

11

JASON DILLON, an individual )

Case № 464633

12

Plaintiff, )

**COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES**

13

14　vs. )

15　APEX SYSTEMS, INC., a California
　　corporation; and DOES 1-25,

16

17　Defendant(s). )

18

19

20

21

22

1. **Failure to Pay Overtime**
2. **Waiting Time Penalties [Lab.C. § 203]**
3. **Failure to Provide Accurate Itemized Statements [Lab. Code §226]**
4. **Failure to Provide Meal Periods [Lab.C. §§ 226.7, 512, and IWC Wage Orders]**
5. **Failure to Provide Rest Periods [Lab.C. § 226.7 and IWC Wage Orders]**
6. **Unfair Competition [B&PC § 17200 *et seq.*]**
7. **Failure to Produce Records [Lab.C. § 1174.5]**
8. **Constructive Trust**

23　　　COMES NOW Plaintiff JASON DILLON (hereinafter referred to as "DILLON" or "Plaintiff"),

24　an individual, and complains and alleges against the above-named Defendants, and each of them, for

25　causes of action as follows:

26　　　　　ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

27　　　1. Plaintiff brings this action against Defendants APEX SYSTEMS, INC., and DOES 1 through

28　25, inclusive, for statutory damages, injunctive relief, prejudgment interest, costs, attorney's fees,

1

1   restitution, Labor Code penalties, and other appropriate relief for Defendants' violations of various

2   sections of the California Labor Code, Industrial Welfare Commission Wage Orders, and Business &

3   Professions Code §§ 17200-*et seq.* Jurisdiction is proper in this Court because alleged damages exceed

4   $25,000.00 and Plaintiff seeks a permanent injunction according to Code of Civil Procedure

5   § 580(b)(2).

6       2. At all times mentioned herein, Plaintiff DILLON was a resident of STANISLAUS County,

7   State of California. DILLON is a former employee of Defendants, and each of them.

8       3. Plaintiff is informed and believes, and on that basis allege, that at all times mentioned

9   herein, Defendant APEX SYSTEMS, INC. (hereinafter referred to as "APEX" individually, or

10   collectively as "Defendants") was and is a business corporation, with its principal place of business

11   located at 1250 BAYHILL DRIVE, #200, SAN BRUNO, CA 94066, in the County of SAN MATEO,

12   State of California.

13       4. Plaintiff is informed and believes, and thereon alleges, that Defendants, directly employed or

14   exercised control over Plaintiff's wages, hours, and/or working conditions; it failed and refused to pay,

15   among other things, overtime compensation; it paid Plaintiff without accurate itemized wage

16   statements; and it failed to authorize and/or permit rest periods and uninterrupted meal periods pursuant

17   to Labor Code §§ 226.7 and 512, and all IWC Wage Orders applicable to Plaintiff's industry and

18   occupation.

19       5. Plaintiff is informed and believes and thereon alleges, that at all times relevant herein,

20   Defendant APEX and some of DOES 1 through 25 named herein, whether in their individual capacity

21   or as a "Doe" Defendant, was at all times relevant to each Plaintiff's claims herein the agent, employee,

22   servant, master, and/or employer of each and every other Defendant, however named, and in doing the

23   things herein alleged, were acting within the course and scope of such agency or employment, and with

24   the approval and ratification of each of the other Defendants.

25       6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1

26   through 25, inclusive, and therefore sues said Defendants by such fictitious names and capacities.

27   Plaintiff will amend this complaint to show said Defendants' true names and capacities when they have

28   been ascertained. Plaintiff is informed and believes and thereon allege that at all times relevant, each

2

COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

1    of said fictitiously named DOE defendants, was a business entity or individual person who owned,

2    controlled, or managed the business for which Plaintiff worked, and/or who directly or indirectly

3    exercised operational control over Plaintiff's wages, hours, and working conditions.  Plaintiff further

4    alleges that said each and every one of said Defendants held ownership, officer, director and/or

5    executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants,

6    which included decision-making responsibility for, and establishment of, illegal payroll practices and

7    policies for Defendants which have damaged Plaintiff in individual and separate amounts.  Thus, all

8    Defendants herein, whether named in this Complaint or named as DOES 1 through 25, were and are

9    "employers" as a matter of law, and each is individually liable on all causes of action alleged herein.

10        7. Plaintiff is informed and believes, and thereon alleges, that each and every Defendant herein

11    is, and at all times relevant hereto was, a person, corporation or other business entity existing and

12    operating within the confines of the State of California, and thus subject to the jurisdiction of the

13    California courts by reason of "minimum contacts" in California, and/or by purposeful availment of the

14    California market for labor of the kind provided by Plaintiff, and did transact and conduct business in

15    the State of California, and are thus subject to the jurisdiction of all laws, regulations and court

16    decisions rendered by the State of California.  Specifically, Defendants, and each of them, DOES 1

17    through 25, maintain offices, operate businesses, employ persons, conduct business in, and pay

18    employees by illegal payroll practices and policies in the County of SAN MATEO.

19        8. Plaintiff is further informed and believes, and thereon alleges, that each and every Defendant

20    herein aided and assisted the other Defendants in committing the wrongful acts alleged herein, and that

21    Plaintiff's damages were proximately caused by each and every Defendant herein.

22        9. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

23    each and every Defendant herein was in some fashion, by contract or otherwise, the successor, assign,

24    joint venturer, co-venturer, indemnitor, guarantor, partner or third-party beneficiary of one or more of

25    the remaining Defendants, and all times relevant to Plaintiff's claim alleged herein, was acting within

26    that capacity.  Plaintiff further allege that each and every Defendant to some degree and extent

27    wrongfully received and/or wrongfully benefitted from the flow of assets from the other Defendants, to

28    the detriment of Plaintiff, and each of them, the rightful owners of the pay denied them, and that such

<div align="center">3</div>

1    equities exist to merit this Court imposing restrictive orders, including without limitation a constructive

2    trust on such assets in the control of Defendants, or any of them, or their agents or anyone acting on

3    their behalf, as Plaintiff may trace to the wrongful recipient(s) and/or beneficiary(ies) of said funds.

4         10. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

5    one or more of Defendants herein was the alter ego of one or more of the other Defendants, and as

6    hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining

7    Defendants.

8         11. Plaintiff is informed and believes, and thereon alleges, that there exists a unity of ownership

9    and interest, between Defendant APEX and one or more of the other DOE Defendants herein, such that

10   any individuality and separateness between said other Defendants and Defendant APEX has ceased, and

11   the said other Defendants, and each of them, was at all times relevant to Plaintiff's claim, and remains,

12   the alter ego of Defendant APEX and all other Defendants.

13         12. Plaintiff is informed and believes and thereon alleges the Court's adherence to the fiction of

14   the separate existence of any or all Defendants as entities distinct from the other Defendants would

15   permit an abuse of the corporate privilege, would sanction fraud and/or promote injustice in that said

16   Defendants, and each of them, have defaulted on their individual and collective obligations to Plaintiff

17   under California law.

18         13. Plaintiff is informed and believes and thereon alleges that Defendant APEX was an entity

19   which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of

20   the other Defendants, as its individual business and alter ego, in that the activities and business of

21   Defendant APEX was carried on without the holding of director's or shareholders meetings, no records

22   or minutes of any corporate proceedings were maintained.

23         14. Plaintiff is informed and believes and thereon alleges that Defendant APEX, and all other

24   business entity Defendants herein, is and at all times herein mentioned was, a mere shell and sham

25   without the requisite capital and assets. Thus, said Defendant APEX, and all other business entity

26   Defendants herein, is and at all times herein mentioned was, so inadequately capitalized that, compared

27   with the business to be done by Defendant, said capitalization was in adequate to do business properly

28   and legally under California law.

<div align="center">4</div>

15. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial.

16. DILLON was employed as a QA Engineer for T-Mobile with Defendants, and each of them, continuously from on or about DECEMBER 23, 2005 until on or about APRIL 28, 2007. DILLON's principal job duties consisted of being on call twenty four hours per day, seven days per week during the entire duration of Plaintiff's employment with Defendant to handle phone service outages, administrative trouble analysis tracking and reporting.

17. At all times relevant herein, Plaintiff was entitled to an hourly rate of pay of approximately $60.00 per hour.

18. Under Wage Orders established by the Department of Labor Standards and Enforcement ("D.L.S.E."), DILLON does not qualify as an "exempt employee," and therefore, his employment is subject to all appropriate laws with respect to a non-exempt employee who is entitled to an hourly wage and therefore, also entitled to overtime wages.

19. DILLON routinely worked in excess of eight (8) hours per day and forty (40) hours per week, all without receiving proper wages, any overtime or double-time pay.

20. DILLON was consistently paid incorrectly by Defendants, because they failed to pay DILLON his proper wages, for all hours worked, and for all applicable overtime hours to which he was entitled. Plaintiff complained to Defendants about this fact, to no avail.

21. At all times relevant herein, the Industrial Welfare Commission ("IWC") Wage Orders, as amended (8 Cal.Code Regs.§ 11050), applied to wages, hours, and working conditions of all persons such as Plaintiff, and all of Plaintiff's co-workers employed by Defendants, and each of them.

22. As a general rule, Defendants routinely denied Plaintiff herein a ten (10) minute rest break in the morning, and a ten (10) minute rest break in the afternoon, and/or a rest or meal break for every four (4) hours Plaintiff worked.

23. As a general rule, Plaintiff was prevented from taking a thirty (30) minute meal break after working for over five (5) hours, and/or again after working over ten (10) hours in the same day, contravening provisions of the Labor Code.

<div align="center">5</div>

1     24. Throughout DILLON's employment, Defendants and each of them failed to provide

2  Plaintiff with accurate itemized wage statements showing the correct number of hours worked by

3  DILLON at the effective regular and overtime rates of pay applicable to those hours worked.

4     25. On JUNE 1, 2007, Plaintiff by certified mail served notice of the violations alleged in this

5  complaint, in the manner required by Labor Code § 2699.3, on the California Labor & Workforce

6  Development Agency, 801 K Street, Suite 2101, Sacramento, CA 95814 (hereinafter the "LABOR

7  BOARD." Said notice was also served by certified mail on Defendants, at Defendants' last known

8  address(es). Upon the expiration of thirty-three (33) days or more following the sending of the notice,

9  and neither of the Plaintiff herein, nor Plaintiff's counsel having received notice from the LABOR

10  BOARD that said agency was accepting Plaintiff's claim for prosecution, Plaintiff alleges the right to

11  proceed with all remedies provided by law, including in addition to any compensatory damages

12  awarded on Plaintiff's complaint herein, any and all statutory penalties which are collectible by Plaintiff

13  under the provisions of Labor Code §§ 2698-2699.5, commonly known as the Labor Code Private

14  Attorney General Act of 2004.

15

16                **CLAIMS FOR RELIEF**

17               **FIRST CAUSE OF ACTION**

18       **(Failure to Pay Overtime – Against All Defendants)**

19     26. Plaintiff realleges and incorporates by reference under this cause of action each and every

20  allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

21     27. Pursuant to Labor Code §§ 510, 558, 1194, and related statutes, and also pursuant to all

22  IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to

23  compensate Plaintiff for all overtime actually worked, at the rate of one and one-half (1 ½) times the

24  regular rate of pay for hours worked in excess of forty (40) hours per week.

25     28. Pursuant to Labor Code §§ 510, 558, 1194, and related statutes, and also pursuant to all

26  IWC Wage Orders applicable to Plaintiff's industry and occupation, beginning on DECEMBER 23,

27  2005, and continuing until the date Plaintiff ceased to be employed by Defendants, or any of them,

28  Defendants and each of them were required to compensate Plaintiff for all overtime actually worked,

1    which is calculated according to law for all hours worked in excess of eight (8) hours per day, 40 hours

2    per week or on specific days of the week, as shall be shown at the time of trial.

3        29. Plaintiff was a nonexempt employee entitled to the protections of the California Labor

4    Code, and all IWC Wage Orders applicable to Plaintiff's industry and occupation. During the course of

5    DILLON's employment, Defendants, and each of them, failed to compensate Plaintiff DILLON for

6    overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and

7    double-time hours for hours worked in excess of twelve (12) hours per day, as required under the

8    aforementioned labor regulations.

9        30. Beginning on or about DECEMBER 23, 2005, pursuant to Labor Code §§ 200, 510, 1194,

10   and all IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were

11   required to compensate Plaintiff with premium pay for all overtime work performed, for hours worked

12   in excess of eight (8) per day and/or forty (40) hours per week and for the first eight (8) hours on the

13   seventh (7th) consecutive day of any work week, and double time after twelve (12) hours in any single

14   workday and/or after eight (8) hours on the seventh (7th) consecutive day of any work week.

15       31. At all times relevant herein, Labor Code § 1194(a) provided that an employee, in the

16   position of DILLON, who had not been paid overtime compensation could recover the unpaid balance

17   of the full amount of overtime wages due, including interest thereon, together with reasonable

18   attorney's fees and costs of suit.

19       32. Within the last four (4) years preceding the filing of this complaint, Defendants have

20   employed Plaintiff DILLON as a QA Engineer for T-Mobile.

21       33. Throughout Plaintiff's respective employment, Defendants have failed and refused to pay

22   and properly calculate overtime compensation to Plaintiff as required by law.

23       34. As a direct and proximate result of Defendants' willful, knowing, and intentional failure to

24   pay overtime wages, DILLON has suffered and continues to suffer wage losses in a sum according to

25   proof.

26       35. Plaintiff has incurred and continue(s) to incur legal expenses and attorney's fees. Plaintiff is

27   entitled to legal expenses and attorney's fees pursuant to California Labor Code §1194(a), in sums

28   according to proof.

COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

1    SECOND CAUSE OF ACTION

2    (Waiting Time Penalties - Cal. Lab. Code §§ 203 et seq. – Against All Defendants\)

3    36. Plaintiff realleges and incorporates by reference under this cause of action each and every

4    allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

5    37. Plaintiff DILLON ceased being employed by Defendants, on or about APRIL 28, 2007,

6    whereby all monies owed must be paid, pursuant to statute (Labor Code §§201(a) and 227.3), to

7    DILLON within the time prescribed by law.

8    38. To date, Plaintiff DILLON has still not been paid in full for, but not limited to: wages owed,

9    overtime or double-time owed.

10    39. Defendants have willfully failed to pay Plaintiff all monies owed to Plaintiff.

11    40. As a result of these failures to pay, Plaintiff is individually entitled to waiting time penalties

12    pursuant to Labor Code § 203, for a period of thirty (30) days.

13    41. Plaintiff have each incurred, and continue to incur, legal expenses and attorney's fees.

14    Plaintiff are entitled to legal expenses and attorney's fees, pursuant to Labor Code §218.5, in a sum

15    according to proof.

16

17    THIRD CAUSE OF ACTION

18    (For Violation of Labor Code § 226 – Failure to Provide Accurate Itemized Statements

19    Against All Defendants)

20    42. Plaintiff realleges and incorporates by reference under this cause of action each and every

21    allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

22    43. At all times relevant herein, Defendants violated Labor Code § 226, in that Defendants

23    failed to properly and accurately itemize the number of hours worked by Plaintiff at the effective

24    regular rates of pay and the effective overtime rates of pay.

25    44. Defendants and each of them, knowingly and intentionally failed to comply with Labor

26    Code § 226, causing damages to Plaintiff. These damages, including but limited to costs expended

27    calculating the true hours worked and the amount of employment taxes which were not properly paid to

28    state and federal tax authorities, are difficult to estimate. Therefore, Plaintiff elects to recover liquidated

8

1  damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each

2  violation in subsequent pay periods pursuant to the Labor Code § 226, in an amount according to proof

3  at the time of trial (but in no event more than $4,000.00 for each respective Plaintiff herein) plus

4  reasonable attorney's fees and costs pursuant to Labor Code § 226(g).

5

6                           **FOURTH CAUSE OF ACTION**

7        (Compensation for Required Meal Periods Not Provided – Lab. Code §§ 226.7, 512, and

8                         IWC Wage Orders – Against All Defendants)

9        45. Plaintiff realleges and incorporates by reference under this cause of action each and every

10  allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

11       46. Labor Code § 512, and all IWC Wage Orders applicable to Plaintiff's industry and

12  occupation, generally require an employer to provide employees a meal period of not less than 30

13  uninterrupted minutes for every five hours worked.

14       47. Plaintiff alleges on information and belief that Defendants and each of them violated Labor

15  Code § 512, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, by failing to

16  provide Plaintiff the requisite 30-minute meal periods required by law throughout Plaintiff's respective

17  employment.

18       48. Plaintiff alleges on information and belief that Defendants further violated Labor Code

19  § 226.7, all IWC Wage Orders applicable to Plaintiff's industry and occupation, by failing to pay one

20  hour of compensation at Plaintiff's regular rate of pay for each work day that the meal period was not

21  provided, in amounts to be shown at the time of trial but believed to be in excess of $2500.00. This

22  amount is still owed and unpaid.

23

24

25

26

27

28

                                        9

**FIFTH CAUSE OF ACTION**

(Compensation For Required Rest Periods Not Provided – Cal. Lab. Code §§ 226.7 and

IWC Wage Orders – Against All Defendants)

49. Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

50. Pursuant to Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to authorize and permit employees, such as Plaintiff herein, to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, with no deduction from wages.

51. Defendants failed and refused to authorize and permit Plaintiff to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof, in violation of Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation.

52. Defendants further violated Labor Code § 226.7, all IWC Wage Orders applicable to Plaintiff's industry and occupation, by failing to pay Plaintiff according to law, in amounts according to proof at the time of trial, which amount remain owing and unpaid.

**SIXTH CAUSE OF ACTION**

(For Unfair Competition In Violation of Unfair Business Practices – Business & Professions Code §§ 17200-*et seq.* – By Plaintiff Acting Each Individually, and also For the Interests of the General Public – Against All Defendants)

53. Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

54. California Business & Professions Code §§ 17200-*et seq.* prohibit acts of unfair competition, which includes any "unlawful and unfair business practices."

55. Defendants' and each of their conduct, as alleged herein, has been and continues to be unfair, unlawful, and deleterious to Plaintiff herein, and to the general public. Plaintiff hereby seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5. Plaintiff is a "person" within the meaning of the Business & Professions Code § 17204, and

10

1   thus possesses standing to bring this suit for injunctive relief and restitution.

2       56. It is the policy of this State to enforce minimum labor standards, to ensure that employees

3   are not required or permitted to work under substandard and unlawful conditions, and to protect those

4   employers who comply with the law from losing competitive advantage to other employers who fail to

5   comply with labor standards and requirements.

6       57. Through the conduct alleged herein, Defendants acted contrary to these public policies and

7   have engaged in unlawful and/or unfair business practices in violation of Business & Professions Code

8   §§ 17200 et. seq., depriving Plaintiff herein, and other employees similarly situated, of the rights,

9   benefits, and privileges guaranteed to employees under California law.

10      58. Defendants, and each of them, regularly and routinely violated the following statutes and

11  regulations with respect to Plaintiff herein, and other employees similarly situated:  Labor Code §§ 510

12  and 1194, and all IWC Wage Orders applicable to Plaintiff's industry and occupation (failure to pay

13  overtime pay); Labor Code § 226 (failing to provide accurate wage statements to employees at the time

14  of payment); and/or Labor Code §§ 226.7 and 512, and/or all IWC Wage Orders applicable to

15  Plaintiff's industry and occupation (failure to provide rest and meal periods).

16      59. By engaging in theses business practices, which are unfair business practices within the

17  meaning of Business & Professions Code §§ 17200-et. seq., Defendants harmed Plaintiff herein, and

18  also similarly situated employees, and thus by that design and plan gained an unfair competitive edge in

19  the marketplace.

20      60. Under Business & Professions Code § 17203, Plaintiff is entitled to obtain restitution of

21  these funds on behalf of himself and other employees similarly affected by Defendants' unfair business

22  practices as enumerated herein.

23      61. Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to prevent

24  Defendants from continuing to engage in the unfair business practices as alleged herein.  Plaintiff is

25  informed and believes that Defendants, and persons acting in concert with them, have committed and

26  will continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the

27  relief prayed for below is granted, a multiplicity of actions will result.  Plaintiff and other interested

28  persons have no plain, speedy, or adequate remedy at law, in that pecuniary compensation would not

11

1   afford adequate and complete relief. The above-described acts will cause great and irreparable damage

2   to Plaintiff and other interested persons, unless Defendants are restrained from committing further

3   illegal acts.

4       62. Plaintiff's success in this action will result in the enforcement of important rights affecting

5   the public and will confer a significant benefit upon the general public. Private enforcement of the

6   rights enumerated in this complaint is necessary, as public agencies have only sought limited

7   enforcement of those rights, if any.   Plaintiff, individually and by and through counsel, has incurred

8   and continues to incur a financial burden in pursuing this action on behalf of the general public.

9   Plaintiff further seeks to enjoin the above-referenced unlawful actions under the Labor Code. Therefore,

10  Plaintiff seeks an award of attorney's fees and costs of suit on this cause of action pursuant to Code of

11  Civil Procedure § 1021.5 and other applicable Labor Code sections.

12

13                          **SEVENTH CAUSE OF ACTION**

14          **(For Failure To Produce Records- Cal. Labor Code § 1174.5 –**

15                          **Against All Defendants)**

16      63. Plaintiff realleges and incorporates by reference under this cause of action each and every

17  allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

18      64. Labor Code § 1174.5 providing that any person employing labor who willfully fails to allow

19  any member of the commission or employees to inspect records is in violation of Labor Code § 1174,

20  Defendants' and each of their failure to do so subjects Defendants to liability as provided thereunder.

21      65. Section 1174.5 providing that those in violation of the code shall be subject to a civil

22  penalty of seven hundred fifty dollars ($750.00), Defendants and each of them are subject to said

23  penalty, payable to Plaintiff herein.

24      66. In a letter dated JUNE 4, 2007 to RENEE GUIDREY, demand was made by Plaintiff for his

25  employment records. Defendants having willfully failed to produce any of the requested records, as a

26  legal and proximate result, Plaintiff is entitled to penalties in sums to be calculated and imposed by the

27  Court at the time of trial in this matter. Defendants and each of them are in violation of Labor Code §

28  1174.5, and are thus liable jointly and severally liable for an additional $750 penalty payable to

                                    12

1 | Plaintiff.

2

3 | <center>**EIGHTH CAUSE OF ACTION**</center>

4 | <center>**(Constructive Trust - Against All Defendants)**</center>

5 | 67. Plaintiff realleges and incorporates by reference under this cause of action each and every

6 | allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

7 | 68. During the course of the events detailed in this complaint, and arising out of the relationship

8 | between employer and employee, as existed between Plaintiff and Defendants, and each of them, a

9 | special relationship of trust arose between Plaintiff and Defendants, and each of Defendants.

10 | 69. Contrary to and in direct violation of that special relationship, and contrary to the duties of

11 | trust and fidelity imposed on employers by California law, Defendants, and each of them, violated said

12 | trust by retaining monies due to Plaintiff, at the occasion of each and every regular payday when

13 | Plaintiff, relying on Defendants' and each of their loyalty, good faith, honesty and integrity, accepted

14 | pay from Defendants, and each of them, which was less than the sums actually due Plaintiff for the time

15 | worked during that pay period.

16 | 70. Thus, Defendants, and each of them, on the occasion of each and every payday when pay

17 | was rendered to Plaintiff, did retain, convert and embezzle the monies rightfully due Plaintiff –

18 | specifically, the sums due for overtime worked, but not paid for.

19 | 71. The true amount(s) of said monies due is/are amenable to proof at the time of trial. Plaintiff

20 | has no adequate remedy at law to prevent Defendants, and each of them, from looting said funds from

21 | the accounts of the other Defendants, and each of them, and thus prays this Court impose the equitable

22 | remedy of constructive trust, in the sum of all monies due under this complaint, including overtime pay

23 | for uncompensated time worked, interest, costs and attorneys' fees, on any and all funds, assets,

24 | accounts, or other appropriate monies and things, with the beneficiary of said trust being Plaintiff.

25 | 72. The equities balance in favor of the imposition of such a constructive trust, since

26 | Defendants, and each of them, with their superior bargaining power, economic resources and the

27 | mechanisms of banking and finance, stand in a much more powerful position than Plaintiff, who has no

28 | practical way to constrain or prevent Defendants from wasting, converting or further secreting said

<center>13</center>

<center>COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES</center>

1    assets, monies and things, than by this Court's imposition of said constructive trust.

2

3        WHEREFORE, Plaintiff DILLON respectfully prays this Court enter judgment in favor of each

4    of Plaintiff DILLON, and against Defendants, and each of them, as follows, on all of Plaintiff's causes

5    of action, as appropriate :

6        1. For back pay, front pay, and other Special Damages according to proof;

7        2. For general Damages as shall be shown at the time of trial;

8        3. For all statutory damages;

9        4. For restitution of all monies due to DILLON, and disgorgement of profits from the unlawful

10    business practices of Defendants;

11        5. For punitive damages in the sound discretion of the Court;

12        6. For pre-judgment and post-judgment interest on all damages awarded;

13        7. For all penalties imposed as stipulated by the California Labor Code; including waiting time

14    penalties, pursuant to Labor Codes §§ 203 and 558;

15        8. For reasonable attorneys' fees, pursuant to Labor Code §§ 218.5, 2699. Code of Civil

16    Procedure §1021.5, Business & Professions Code § 17200-*et seq.*, and according to any other attorney-

17    fee statutes found by the Court to apply to the facts presented at trial;

18        9. For costs of suit incurred;

19        10. For compensation of one hour at the regular rate of pay for each meal period denied and

20    each rest period denied in violation of Labor Code § 226.7, 512 and all IWC Wage Orders applicable to

21    Plaintiff's industry and occupation, according to proof;

22        11. For a preliminary and permanent injunction ordering each and every Defendant to cease

23    such unlawful and unfair practices as alleged herein above and proved to the Court at the time of trial,

24    requiring the establishment of appropriate and effective means to prevent future violations;

25        12. For the imposition of a constructive trust against Defendants, and each of them, and such

26    appropriate preliminary injunction as the Court may order during the period before a final judgment is

27    entered in this matter, on such assets, monies and things, as Plaintiff shall show the Court at trial, or in

28    the case of any application for preliminary injunction, such assets, monies and things as Plaintiff shall

14

1    show the Court to exist at the time such *pendente lite* relief may be sought; AND

2        13. For such other and further relief as the Court deems just.

3

4    DATED: July 9, 2007                    **UNITED EMPLOYEES LAW GROUP, PC**

5

6

7    By: _____

8    Thomas K. Emmitt, Esq., Of Attorneys for
     Plaintiff, JASON DILLON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

# NOTICE OF CASE MANAGEMENT CONFERENCE

Jason Dillon

**ENDORSED FILED**
~~SAN MATEO COUNTY~~ Case No. _____ CIV 464633

JUL 2 0 2007    Date: _____ NOV 2 9 2007,

vs.

**Clerk of the Superior Court** Time: 9:00 a.m.
**By** G. Jackson
**DEPUTY CLERK**

Apex Systems Inc

Dept. 2 – on Tuesday & Friday
Dept. 8 – on Wednesday & Thursday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. Serve all named defendants and file proofs of service on those defendants with the court within **60 days** of filing the complaint (CRC 3.110).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. File and serve a completed Case Management Statement at least **15 days** before the Case Management Conference [CRC 3.725]. Failure to do so may result in monetary sanctions.
   d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30 days** before the date set for the Case Management Conference.

> **2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a **completed** stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:  **Superior Court of California**

MAILING ADDRESS:  **County of San Mateo**

CITY AND ZIP CODE:  **400 County Center**

BRANCH NAME:  **Redwood City, CA  94063-1655**

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) | ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.　The party or parties are willing to participate in (check all that apply):

　　　(1) ☐ Mediation
　　　(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
　　　(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
　　　(4) ☐ Binding judicial arbitration
　　　(5) ☐ Binding private arbitration
　　　(6) ☐ Neutral case evaluation
　　　(7) ☐ Other (specify):

　　e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
　　f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
　　g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

11. Settlement conference
　　☐ The party or parties are willing to participate in an early settlement conference (specify when):

12. Insurance
　　a. ☐ Insurance carrier, if any, for party filing this statement (name):
　　b. Reservation of rights: ☐ Yes ☐ No
　　c. ☐ Coverage issues will significantly affect resolution of this case (explain):

13. Jurisdiction
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
　　☐ Bankruptcy　☐ Other (specify):
　　Status:.

14. Related cases, consolidation, and coordination
　　a. ☐ There are companion, underlying, or related cases.
　　　　(1) Name of case:
　　　　(2) Name of court:
　　　　(3) Case number:
　　　　(4) Status:
　　　☐ Additional cases are described in Attachment 14a.
　　b. ☐ A motion to ☐ consolidate ☐ coordinate　will be filed by (name party):

15. Bifurcation
　　☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16. Other motions
　　☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*: _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| _____ | ▶ | _____ |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

| _____ | ▶ | _____ |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached

**CASE MANAGEMENT STATEMENT**

Superior Court of California - County of San Mateo

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

> Clerk of the Superior Court, Civil Division
> Attention: Case Management Conference Clerk
> Superior Court of California, County of San Mateo
> 400 County Center
> Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

❑ Original signatures for all attorneys (and/or parties in pro per);
❑ The name of the neutral;
❑ Date of the ADR session; and
❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the San Mateo County Superior Court's ADR Panelist List and information sheets on individual panelists, they may go to the court's website (see below) or contact the ADR Coordinator at (650) 363-1962 or (650) 599-1070.

### If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

### If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

### Post-ADR Session Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the ADR Panelist List or can be found on the court's web site.

### Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896. For further information regarding San Mateo Superior Court's ADR program, contact the ADR offices at (650) 599-1070 or the court's ADR web site at http//www.co.sanmateo.ca.us.sanmateocourts/adr.htm.

SUPERIOR COURT OF CALIFORNIA – COUNTY OF SAN MATEO

## APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

## WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes that are alternatives to lawsuits. Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes. All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

## WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation. The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

<u>Arbitration:</u> An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be

)

SUPERIOR COURT OF CALIFORNIA – COUNTY OF SAN MATEO

binding or non-binding, as agreed by the parties in writing.

**Mediation:** Mediation is a voluntary, informal, confidential process in which the mediator, a neutral third party, facilitates settlement negotiations. The mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

**Neutral Evaluation:** Involves presentations to a neutral third party with subject matter expertise who may render an opinion about the case the strengths and weaknesses of the positions, the potential verdict regarding liability, and a possible range for damages.

## ADR PROCEDURES FOR THE SAN MATEO COUNTY SUPERIOR COURT

- Upon filing a Complaint, the Plaintiff will receive this **information sheet** from the Superior Court Clerk. Plaintiff is expected to include this information sheet when he or she **serves the Complaint** on the Defendant.

- All parties to the dispute may voluntarily agree to take the matter to an ADR process. A stipulation is provided here. Parties chose and contact their own ADR provider. A Panelist List is available on-line.

- If the parties have not agreed to use an ADR process, an initial Case Management Conference ("CMC") will be scheduled within 120 days of the filing of the Complaint. An **original and copy of the Case Management Conference Statement must be completed and provided to the court clerk no later than 15 days prior to the scheduled conference.** The San Mateo County Superior Court Case Management Judges will strongly encourage all parties and their counsel to consider and utilize ADR procedures and/or to meet with the ADR director and staff where appropriate.

- If the parties voluntarily agree to ADR, the parties will be required to sign and file a **Stipulation and Order to ADR.**

- A timely filing of a stipulation (at least 10 days prior to the CMC) will cause a notice to vacate the CMC. ADR stipulated cases (other than judicial arbitration) will be continued for further ADR/Case Management status review in 90 days. If the case is resolved through ADR, the status review date may be vacated if the court receives a dismissal or judgment. The court may upon review of case information suggest to parties an ADR referral to discuss matters related to case management, discovery and ADR.

- Any ADR Services shall be paid for by the parties pursuant to a separate ADR fee agreement. The ADR Director may screen appropriate cases for financial aid where a party is indigent.

- Local Court Rules require your cooperation in evaluating the ADR Project and will expect a brief evaluation form to be completed and submitted **within 10 days of completion of the process.**

**Information: For ADR forms go to the local forms section of the courts website:**
**www.co.sanmateo.ca.us/sanmateocourts/adr.htm.**
**For more information contact the Multi-Option ADR Project, 400 County Center, Redwood City, CA**
**94063, (650) 363-1962 or (650) 599-1070; fax 650/599-1754**

| Attorney or Party without Attorney<br>(Name, Address, Telephone, Fax, State Bar membership number):<br><br><br>**Superior Court of California, County of San Mateo**<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 363-4711 | Court Use Only |
|---|---|
| Plaintiff(s): | Case Number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation                    ☐ Binding Arbitration (private)
☐ Neutral Evaluation                     ☐ Settlement Conference (private)
☐ **Non-Binding Judicial Arbitration CCP 1141.12**    ☐ Summary Jury Trial
☐ Other: _____

Case Type: _____
Neutral's name and telephone number: _____
Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

---

### ORIGINAL SIGNATURES

---

Type or print name of ☐ Party without attorney                    ☐ Attorney for (Signature)

☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant .        Attorney or Party without attorney

---

Type or print name of ☐ Party without attorney                    ☐ Attorney for (Signature)

☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant          Attorney or Party without attorney

ADR-CV-2 [Rev. 9/04]                Page 1 of 2                www.sanmateocourt.org

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

_____          _____
Type or print name of □Party without attorney           □Attorney for (Signature)

□Plaintiff/Petitioner □Defendant/Respondent/Contestant      Attorney or Party without attorney


_____          _____
Type or print name of □Party without attorney           □Attorney for (Signature)

□Plaintiff/Petitioner □Defendant/Respondent/Contestant      Attorney or Party without attorney


.IT IS SO ORDERED:


DATE: ·                                   _____
                                          JUDGE OF THE SUPERIOR COURT OF SAN MATEO COUNTY

Superior Court of California, County of San Mateo

<div align="center">

DIVISION II

COURT MANAGEMENT - SUPERIOR COURT

CHAPTER 1. FORM AND SERVICE OF PAPERS

</div>

Rule 2.0  Transfer of Court-Related Functions of the County Clerk to the Superior Court

Pursuant to the authority contained in Government Code section 69898, the court hereby transfers from the County Clerk to the Superior Court Executive Officer, under the direction of the Presiding Judge, all of the powers, duties, and responsibilities required or permitted to be executed or performed by the County Clerk in connection with judicial actions proceedings, and records.

(Adopted, effective July 1, 1996.)

Rule 2.1  Form of Papers Presented for Filing

Reference, CRC, rule 2.100, et seq.

(Adopted, effective July 1, 1996) (Amended effective January 1, 2000) (Amended, effective January 1, 2007)

Rule 2.1.1 Citations to Non-California Authorities.

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

Rule 2.1.2  Requests for Judicial Notice

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

Rule 2.1.3 California Environmental Quality Act (CEQA)

If a petition for writ of mandate includes claims under CEQA (Public Resources Code section 21000 et. seq.), the case will be assigned to a judge designated to hear CEQA actions pursuant to Public Resources Code section 21167.1. Plaintiff shall identify the petition as being filed pursuant to "CEQA" on the face of the petition.

(Adopted, effective January 1, 1999)(renumbered from 2.1.4 effective January 1,2000)

Rule 2.1.4 Documents Produced Through a Nonparty

If a party proposes to obtain documents in the custody of a nonparty, as by a subpoena duces tecum, and such documents may be produced by certification or otherwise in lieu of personal appearance by a witness custodian, the request for such documents should specify that they be delivered not later than the first day for which the trial is calendared.

(Adopted, effective January 1, 2000)

)

Superior Court of California, County of San Mateo

## CHAPTER 2.  CIVIL TRIAL COURT MANAGEMENT RULES
### PART 1.  MANAGEMENT DUTIES

Rule 2.2    Trial Court Management

Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

### PART 2.  CASEFLOW MANAGEMENT

Rule 2.3  New Case Management

This rule applies to all civil cases with the exception of the following:  (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes.  For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953,.

(a)        Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

·(1)        To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)        To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)        To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution.  Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)        In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)        Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed.  The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.·

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below.  Cases filed before July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint:  Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted.  The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint:  Except as provided in paragraph 5 below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint)  not already served with the answer under Code of Civil Procedure section. 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

(3)     Responsive pleadings:  Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service.  The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered.  If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered.  The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service:  Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

2007 Div II - Rules                              202                         Revised 1/1/2007

Superior Court of California, County of San Mateo

(A)    Time to serve may be extended for good cause: Upon ex parte application to the court, *in compliance with California Rule of Court 379(g)*, within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona). An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired. The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance. In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)    Additional extension of time if uninsured motorist arbitration is pending. In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)    Time to respond may be extended for good cause: Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond. The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e)    Case management conference

(1)    Date of conference: Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed. (Government Code 68616)

(2)    Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)    Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)    The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)    The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)    Designation of trial counsel: Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference. If such counsel is not

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)    Conference orders:  At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

(A)    An order referring the case to arbitration, mediation or other dispute resolution process;

(B)    An order transferring the case to the limited jurisdiction of the superior court;

(C)    An order assigning a trial date;

(D)    An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

(E)    An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

(F)    An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

(G)    An order scheduling the exchange of expert witness information;

(H)    An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

(I)    Other orders to achieve the interests of justice and the timely disposition of the case.

(8)    CourtCall Telephonic Appearances

(A)    Reference CRC, Rule 3.670

(B)    Procedure.  Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings.  A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.  Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office.  There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall.  CourtCall will fax confirmation of the request to parties.

(C)    On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing.  Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation.  Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

(D)    At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration ·or neutral evaluation).  If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff.  If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral.  If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)    Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement.  If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)    Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees.  Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement.  Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)    Stipulations to Arbitration

(1)    If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration.  A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference.  A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)    It is the policy of this court to make every effort to process cases in a timely manner.  Parties who elect or are ordered b the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled "*Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing.*"  Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1).  Continuances without adequate grounds will not be considered.  A case management judge will either grant or deny the request for continuance.  If the request is denied, the case may be assigned a trial date.  If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)    Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court.  The Stipulation must

Superior Court of California, County of San Mateo

state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing: (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)    Stipulations to Private ADR

    (1)    If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days. The court shall notify all parties of the continued case management conference.

    (2)    If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

    (3)    Following an appearance at a case management conference hearing, parties shall, within 21 calendar days, file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

    (4)    All parties and counsel shall participate in the ADR process in good faith.

    (5)    To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

    (6)    In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)    Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator. In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly. All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)    Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)    Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two

Superior Court of California, County of San Mateo

weeks prior to the assigned trial date.

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)     Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

## Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)     A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)     An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)     An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)     An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1,2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

## Rule 2.4 Settlement Conference

Reference: California Rule of Court, rule 222.

(a)     At all settlement conferences, notwithstanding any other Rule:

(1)     The attorney who will try the case or an informed associate with full authority to negotiate a settlement of the case shall personally attend.

Superior Court of California, County of San Mateo

(2)    Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an unsatisfied deductible, or if the insurance carrier is demanding that the insured contribute to settlement.

(3)    With respect to any insured party, a representative of the insurance carrier with authority to settle which is meaningful considering the exposure to loss presented shall personally attend. If the claims representative in personal attendance has any limitation on his or her settlement authority, a representative of the carrier who has no such limitations shall be available to the court by telephone and shall remain available until released by the judge conducting the conference, regardless of the time of day at the location of that representative.

(4)    Upon arrival at the department to which the conference has been assigned, counsel shall check in with the clerk and shall verify the attendance of those persons whose presence is required.

(5)    Notwithstanding the provisions of CRC 3.1380(c), no later than five(5) court days before the date set for the settlement conference each party shall lodge with the office of the court administrator and serve on all other parties a written statement setting forth the following:

(A)    A statement of facts.

(B)    The contentions of each party to the action regarding liability and damages.

(C)    An itemized list of special damages.

(D)    In any case in which personal injury is claimed:

(i)    A description of the nature and extent of any injury claimed, including residuals.

(ii)    A description of the basis for and method of calculation of any claimed wage loss.

(E)    The most recent demand and offer or a description of any other proposed settlement between or among the parties.

(6)    All parties shall be prepared to make a bona fide offer of settlement.

(b).    The personal attendance of any person who is required by these rules to be present may be excused only by the presiding judge upon application made prior to the day on which the conference is scheduled. Any such person whose attendance is excused must remain available by telephone until he or she has been excused by the judge conducting the conference regardless of the time of day at the location of that person.

(c)    No conference may be continued without the consent of the presiding judge or, if known, the judge to whom the case has been assigned for conference.

Superior Court of California, County of San Mateo

(d)    At all such conferences, the judge of the department to which the conference has been assigned shall first attempt to settle the case. If settlement discussions are inconclusive, the judge may adjourn the conference to a later date for further settlement discussions.

(e)    Sanctions pursuant to CRC 2..30 shall be imposed for any violation of this rule. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996) (Amended, effective January 1, 2003)(Amended, effective July 1, 2005) (Amended, effective January 1, 2007)

## PART 3.  CALENDAR MANAGEMENT

Rule 2.5  Trial Date Settlement Conference

A further settlement conference shall be held on the date the case is called for trial in accordance with the procedures outlined in and with the attendance of those persons designated in Local Rule 2.4.

(Adopted, effective July 1, 1996)

Rule 2.6  Refund of Jury Fees:  Duty to Notify Court

(Adopted, effective July 1, 1996) (REPEALED and Renumbered as Rule 2.7.6)

## CHAPTER 3.   [RESERVED]

Superior Court of California, County of San Mateo

## CHAPTER 4.  JURY RULES

Rule 2.7 Length of Jury Service

In compliance with CRC 2.1002, a person has fulfilled his or her jury service obligation when he or she has:

(a)      Served on one trial until discharged.

(b)      Been assigned on one day for jury selection until excused by the jury commissioner.

(c)      Attended court but was not assigned to a trial department for selection of a jury before the end of that day.

(d)      Been assigned to a trial department for selection of a jury and has been excused by the trial judge.

(e)      Served one day on call.

(f)   :  Served no more than 5 court days on telephone standby.  - ·

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)


Rule 2.7.1  Proposed Jury Instructions

(a)      Reference California Rules of Court, Rules 2.1055 and 2.1050.

(b)      The Trial Department shall determine in its discretion the timing of submission of proposed jury instructions.

(Amended, effective January 1, 2002) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)


Rule 2.7.2 Duty Of Counsel with Respect to Jury Instructions

Before delivery of proposed jury instructions to the trial judge and opposing counsel, counsel shall fill in all blanks, make all strikeouts, insertions and modifications therein which are appropriate to the case.  Submission of a form, which requires additions or modifications to constitute a complete and intelligible instruction, shall not be deemed a request for such instruction.

In addition to a hard copy of the proposed jury instructions, counsel shall provide the modified instructions on a computer diskette, and a clean copy of the instructions to be given to the jury.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006)

Rule 2.7.3  Form of Proposed Jury Instructions (CCP §§ 607a, 609.)

All proposed jury instructions shall conform to the requirements of California Rules of Court, Rule 2.1055.  Any jury instructions requested after the conclusion of taking evidence shall be in writing. The court, in its discretion, may permit instructions to be sent into the jury room in "Booklet Form".  In

Superior Court of California, County of San Mateo

"Booklet Format" the text of the instruction is printed continuously on the page and may result in several instructions to the page. Such instructions may be accompanied by a table of contents.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006)

Rule 2.7.4  Changing Jury Instructions

If, after the jury instruction conference and at any time before giving the instructions and verdict and findings forms to the jurors, the trial judge determines to make any substantive change therein, all parties should be so advised on the record outside the hearing of jurors.

(Adopted, effective January 1, 2000)

Rule 2.7.5  Jury Instruction Conference

Before final argument and after submission to the trial judge of all proposed jury instructions, verdict and findings forms, a conference outside the presence of jurors will be held. Ordinarily, a reporter or recorder is not required at the commencement of such conference.

In the event the trial judge intends to give any instructions or use any form of verdict or findings on the court's own motion, such instructions, verdicts or findings should be delivered to counsel.

The trial judge will then discuss with counsel:

(1)    Whether any requested proposed instructions, verdicts or findings are patently inappropriate and will be voluntarily withdrawn;

(2)    Whether there is any patent omission of instructions, verdicts or findings which are appropriate and that may be given without objection;

(3)    Whether there is any other modification, namely those to which the parties will stipulate.

Counsel shall meet prior to this conference to discuss each other's jury instructions and classify them into (1), (2) and (3) above.

The foregoing unreported conference will generally result in clarification of the matters, and creation of three categories of instructions, verdicts or findings that may be withdrawn, given or modified.

Thereafter, the conference should be reported and the trial judge should confirm for the record the matters agreed upon. The trial judge should also specify those instructions, verdicts and findings forms the court proposes to give, refuse or modify, whether at the request of a party or on the court's own motion. The court will hear any objections to the foregoing and rule thereon.

The trial judge should sign each requested instruction and indicate the disposition thereof, all of which shall be thereafter filed by the clerk. If a requested instruction is withdrawn, counsel shall so indicate by writing "withdrawn" and signing or initialing such instruction.

(Adopted, effective January 1, 2000)

Superior Court of California, County of San Mateo

Rule 2.7.6  Refund of Jury Fees:  Duty to Notify Court

Jury fees shall be refunded pursuant to CCP Section 631.3 only if the party depositing the fees has given the master calendar coordinator written notice, at least two court days before the trial date, that the case settled, dropped or that the party's motion for continuance has been granted.

(Adopted, effective July 1, 2004 [former Rule 2.6])

## CHAPTER 5.  GENERAL RULES

Rule 2.8  Family Law Rules

The local rules of San Mateo Superior Court relating to Family Law are contained in Division V of these rules, infra.

(Adopted, effective July 1, 1996)

Rule 2.9  Required Action

Action shall be taken on all calendared cases and a future date for action shall always be set.  No case shall go "off calendar" without a future action being set.

(Adopted, effective July 1, 1996.)

Rule 2.10  Interpreters and Translators

a)      Notice.  When a party desires an interpreter, it shall be the responsibility of that party to give notice to the Court and all other parties of record.  That party shall make arrangements for the presence and the payment of the interpreter.

b)      Qualifications.  Unless the interpreter is an official court interpreter, the interpreter's name and qualifications shall be provided to the court and opposing counsel five (5) court days prior to the date of the interpreter's appearance .  If the interpreter is an official court interpreter, no prior disclosure is required.

c)      Relations or friends.  Without the consent of all parties, a relation or a friend may not be used as an interpreter or translator in a contested proceeding.

(Adopted, effective January 1, 2000)

**Rules 2.11 thru 2.19 (Reserved)**

## CHAPTER 6.  CIVIL TRIAL RULES

Rule 2.20   Trial Motions, Briefs, Statements, and Witness Lists

Upon assignment to a trial department for trial by a jury, each party shall file with that department the following:
    (1)   Any in limine motions and response thereto;
    (2)   Any trial briefs;

Superior Court of California, County of San Mateo

    (3)   A concise non-argumentative statement of the case to be read to the jury; and

    (4)   A list of possible witness who may testify in the trial to be read to the jury panel by the court.

(Adopted, effective January 1, 2002)


## Rule 2.21  In Limine Motions

Any in limine motions shall be served upon opposing counsel not less than five (5) days prior to trial. Any response shall be served upon the proponent of the motion not later than the first appearance in the Department of the Presiding Judge for trial assignment.

(Adopted, effective January 1, 2002)


## Rule 2.22  Production of Exhibits

Any party intending to offer any exhibit at the time of trial shall be prepared, by the time of assignment to a trial department, with an original and sufficient copies of each such exhibit for all other parties and the court. The court may make, in it discretion, any orders it deems appropriate regarding the exchange and presentations of exhibits.

(Adopted, effective January 1, 2002)


## RULE NUMBERS 2.23 TO 2.29 ARE RESERVED


## CHAPTER 7. COMPLEX CASES

### Rule 2.30   Determination of Complex Case Designation.

**A.**    **Decision of Complex Case to be Made by Presiding Judge**

The Presiding Judge shall decide whether an action is a complex case  within the meaning of California Rules of Court, Rule 3.400,  subdivision (a), and whether it should be assigned to a single judge for all purposes.   All status conferences or other hearings regarding whether an action should be designated as complex and receive a singly assigned judge shall be set in the Presiding Judge's department.

**B. Provisional Designation.**

An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6).

The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in California Rules of Court, Rule 3.400, subdivision (a).

Superior Court of California, County of San Mateo

C.    Application to Designate or Counter-Designate an Action as a Complex Case.

Any party who files either a Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action:

(1)    Management of a large number of separately represented parties;
(2)    Complexity of anticipated factual and/or legal issues;
(3)    Numerous pretrial motions that will be time-consuming to resolve;
(4)    Management of a large number of witnesses or a substantial amount of documentary evidence;
(5)    Coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court;
(6)    Whether or not certification of a putative class action will in fact be pursued; and
(7)    Substantial post-judgment judicial supervision.

A copy of the Certificate Re: Complex Case Designation must be served on all opposing parties. Any certificate filed by a plaintiff shall be served along with the initial service of copies of the Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401), summons, and complaint in the action. Any certificate filed by a defendant shall be served together with the service of copies of the counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)) and the initial first appearance pleading(s).

D.    Noncomplex Counter-Designation.

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation has been filed and served and the Court has not previously declared the action to be a complex case, a defendant may file and serve no later than its first appearance a counter Civil Case Cover Sheet designating the action as not a complex case. Any defendant who files such a noncomplex counter-designation must also file and serve an accompanying Certificate Re: Complex Case Designation in the form prescribed by this Court and setting forth supporting information showing a reasonable basis for the noncomplex counter-designation being sought.

Once the Court has declared the action to be a complex case, any party seeking the Presiding Judge's decision that the action is not a complex case must file a noticed motion pursuant to Section H below.

E.    Decision by Presiding Judge on Complex Case Designation; Early Status Conference.

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation have been filed and served, the Presiding Judge shall decide as soon as reasonably practicable, with or without a hearing, whether the action is a complex case and should be assigned to a single judge for all purposes.

Upon the filing of a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation, the Clerk of the Court shall set a status conference at which the Presiding Judge shall decide whether or not the action is a complex case. This status conference shall be held no later than (a) 60 days after the filing of a Civil Case Cover Sheet by a plaintiff (pursuant to California Rules of Court, Rule 3.401) or (b) 30 days after the filing of a counter

Superior Court of California, County of San Mateo

Civil Case Cover Sheet by a defendant (pursuant to California Rules of Court, Rule 3.402, subdivision (a) or (b)), whichever date is earlier.

Alternatively, in his or her sole discretion, the Presiding Judge may make the decision on complex case designation and single assignment, without a status conference, based upon the filed Civil Case Cover Sheet and accompanying Certificate Re: Complex Case Designation alone.

## F.  Notice.

The party who seeks a complex case designation or a noncomplex counter-designation must give reasonable notice of the status conference to the opposing party or parties in the action even if they have not yet made a first appearance in the action.  Such notice of the status conference shall be given in the same manner as is required for ex parte applications pursuant to California Rule of Court, Rule 379.

## G.  Representations to the Court.

By presenting to the Court a Certificate Re: Complex Case Designation, an attorney or unrepresented party is certifying to the best of that person's knowledge, information, and belief, formed after reasonable inquiry under the circumstances:

   (1)   That the complex case designation or noncomplex counter-designation is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

   (2)   That the claims, defenses, or other legal contentions referenced therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

   (3)   That the statement of supporting information relevant to the complex case designation or noncomplex counter-designation have evidentiary support or are believed, in good faith, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

   (4)   That there is a reasonable basis for that party's complex case designation or noncomplex counter-designation.

If, after notice and a reasonable opportunity to be heard, the Court determines that this subpart has been violated, the Court may impose an appropriate sanction upon the attorneys, law firms, or self-represented parties that have violated this subpart.

## H.  The Presiding Judge's Continuing Power.

With or without a hearing, the Presiding Judge may decide, on his or her own motion or on a noticed motion by any party, that a civil action is a complex case or that an action previously declared to be a complex case is not a complex case.

## I.  Pilot Program; Sunset Provision. (Repealed, effective 1/1/2007).

**(Adopted, effective July 1, 2004)(Amended, effective July 1, 2005) (Amended, effective January 1, 2006)(Amended, effective January 1, 2007)**

# SAN MATEO SUPERIOR COURT

## COURTCALL TELEPHONIC APPEARANCES

### JANUARY, 2004

Until further notice, voluntary telephonic appearances ("CourtCall Appearances") may continue to be made for Case Management Conferences in Departments 6 (Judge Kopp) and 21 (Judge Foiles), and for Civil Law and Motion matters in Department 1 (Judge Mittlesteadt) from 1/1/04 to 6/30/04 or Department 3 (Judge Freeman) from 7/1/04 to 12/31/04.

Counsel may make a CourtCall Appearance as follows:

1. NOT LESS THAN FIVE (5) COURT DAYS BEFORE THE HEARING DATE IN DEPARTMENTS 6 AND 21 AND NOT LATER THAN 4:30 P.M. ON THE COURT DAY PRIOR TO HEARING IN DEPARTMENT 1 (1/1-6/30) or DEPARTMENT 3 (7/1-12/31) serve and file with CourtCall (not the Court!) a Request for CourtCall Telephonic Appearance (included in this package);

2. Pay a fee of $55.00 to CourtCall, LLC.

Required filing and payment procedures are detailed within the instruction sheet "How to Use CourtCall," (see reverse). A confirmation from CourtCall, LLC, will be faxed to your office upon the filing and payment outlined above.

A CourtCall Appearance is made as part of a participating Department's usual calendar. Unless notified to the contrary, all counsel who have timely filed their Request and have paid the fee may appear by dialing the toll-free teleconference number provided by CourtCall, LLC. A pre-hearing check-in will occur five minutes before the scheduled hearing time. CourtCall Appearances will generally be afforded a calendar preference.

A CourtCall Appearance is voluntary and may be made without consent of the other party or advance consent of the Court. The Court, however, reserves the discretion to require personal appearance. In matters where only one party elects to make a CourtCall Appearance, the matter will be heard on the Court's speakerphone.

See reverse side for "How to Use CourtCall"

# COURTCALL, LLC

*Telephonic Court Appearances*
6365 ARIZONA CIRCLE
LOS ANGELES, CALIFORNIA 90045
(TEL) (310) 342-0888 (888) 88-COURT
(FAX) (310) 743-1850 (888) 88-FAXIN

## How To Use CourtCall! - SAN MATEO

### Filling Out The Form

**1. Serve:** Not less than 5 Court Days before the hearing (or 4:30 PM the Court day prior to hearing for Dept. 1 through 6/30/04 or Dept. 3 from 7/1/04 through 12/31/04) **COMPLETELY** fill out the original of the Request for CourtCall Appearance (the "Request Form"). Retain the original Request Form in your file. DO NOT FILE IT WITH THE COURT. Check the box indicating the method of payment of the fee. **INCOMPLETE REQUEST FORMS MAY RESULT IN A DELAY IN PROCESSING!!**

**2. Fax to CourtCall:** Fax a copy of the Form to CourtCall not less than 5 Court days prior to the hearing (of 4:30 pm the Court day prior to hearing for Dept. 1 or Dept. 3 as noted above). Do not fail to do so, as the CourtCall Calendar is set through these faxes!! LATE FILINGS, IF ACCEPTED, ARE SUBJECT TO A LATE FEE!!

**3. Payment by Credit Card:** Fill out credit card information *only* on the copy faxed to CourtCall and have that copy SIGNED by the PERSON WHOSE NAME IS ON THE CREDIT CARD.

**4. Payment by Check:** Fax a copy of check - write case # on check-payable to Telephonic Hearing Account to CourtCall with your Form and mail your check and a copy of your Form to CourtCall.

**5. Proof of Payment/CalendarConfirmation:** Under normal circumstances you should receive a Confirmation from CourtCall, by fax, within 24 hours of submission of a completed Request Form. The Confirmation will contain your teleconference number and access code (if any**).

IF YOU DO NOT RECEIVE YOUR FAXED CONFIRMATION FROM COURTCALL WITHIN 24 HOURS OF SUBMISSION, CALL COURTCALL IMMEDIATELY TO VERIFY YOUR STATUS - WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR!

FOR INFORMATION AND QUESTIONS ABOUT A COURTCALL APPEARANCE, CALL COURTCALL, NOT THE CLERK/COURT!

### When You Make The Call

* YOU MUST CALL THE TOLL FREE NUMBER ON YOUR CONFIRMATION 5 MINUTES BEFORE YOUR SCHEDULED HEARING TIME. NEVER USE A CELLULAR OR PAY PHONE. If prompted, dial your Access Code.** You will be advised whether you are joining the call in progress or if you are the first to call or you may be placed on "music-on-hold."

* If Court has commenced, DO NOT INTERRUPT! You will have an opportunity to speak. If the call is in progress and you hear voices, wait until an opportunity to speak arises without interrupting others. The Clerk may be performing a check-in. and will get to you.**

* After check-in wait until your case is called. Use your speakerphone while waiting if you are able to mute the microphone to eliminate ambient noise. When your case is called you MUST USE THE HANDSET. Identify yourself each time you speak and use common courtesy.

* If you are the first person on the call be patient, even if you experience silence or are placed on "music-on-hold," as the Clerk will join the call in due course. As others join you will hear a mild beep-beep" indicating others are on the line. Until your case is called do not speak other than with the Clerk. ** If the Clerk does not join the call within 15 minutes after your scheduled hearing time, have a staff member call CourtCall on our toll free Help Line - (888) 882-6878 and we will be happy to assist you. **DO NOT LEAVE THE LINE!**

"If the Confirmation from CourtCall does not list an access code with your assigned teleconference number, your matter will be heard privately, not in open court. The 5 minute check-in period will be conducted by a Teleconference Specialist who will conduct the conference in accordance with the Court's instructions. You will be placed on "music-on-hold" while you wait for the Judge to call your matter. The rules regarding cell phones and use of handsets apply. IF YOUR HEARING IS CONTINUED YOU MUST NOTIFY COURTCALL OF THE CONTINUANCE , IN WRITING, PRIOR TO YOUR COURTCALL APPEARANCE TO HAVE YOUR FEE APPLY TO THE CONTINUED HEARING. MATTERS CONTINUED AT THE TIME OF THE HEARING REQUIRE A NEW FORM AND ANEW FEE FOR THE CONTINUED DATE.

| ATTORNEY OF RECORD (Name /Address/Phone/Fax):<br><br><br>State Bar No._____<br><br>ATTORNEY FOR (Name):<br><br>San Mateo Superior Court | DO NOT FILE WITH COURT<br><br>COMPLETELY FILL OUT/CORRECT FORM BEFORE SUBMITTING TO COURTCALL!! |
|---|---|
| **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE** | CASE NUMBER:<br><br>JUDGE/DEPARTMENT:<br><br>DATE AND TIME:<br><br>NATURE OF HEARING: |

1. _____ (Name of specific attorney appearing telephonically) requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the Rule/Order/Procedure Re: CourtCall Telephonic Appearances. **I UNDERSTAND THAT *I DIAL* INTO THE CALL FIVE MINUTES BEFORE ITS SCHEDULED START TIME.**

2. Not less than five Court days prior to hearing (or 4:40 pm the Court day prior for Dept. 28), a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program Administrator at (310) 572-4679 OR (888) 88-FAXIN.

3. The non-refundable CourtCall Appearance Fee in the sum of $55.00 (plus additional fee of $35.00 **if late filing is accepted**) is paid as follows:

   ☐ Check (copy faxed-write case # on check) payable to CourtCall. <u>DO NOT MAIL ORIGINAL</u>. Signature below authorizes an ACH (electronic) debit in the amount and from the account listed on the check.

   ☐ Charged to CourtCall Debit Account No.:_____

   ☐ Charged to VISA, MasterCard or American Express:

   | TO BE COMPLETED <u>ONLY</u> ON THE COPY SUBMITTED TO CourtCall, LLC: |
   |---|
   | Credit Card:     O VISA     O MasterCard     O American Express |
   | Credit Card Number:_____     Expiration Date:_____ |
   | To pay by credit card, the copy of this form submitted to CourtCall, LLC, must be signed by the person whose card is to be charged and must be faxed to CourtCall at (310) 572-4670 or (888) 88-FAXIN with the above credit card information completed. The signature below constitutes authorization to charge the above referenced credit card. |
   | Date: _____   Name on Card: _____<br><br>                             Type Name                    Signature |

4. Request Forms are processed within 24 hours. Call CourtCall if you do not receive a faxed Confirmation from CourtCall within 24 hours. WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY BE PRECLUDED FROM APPEARING TELEPHONICALLY! COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL.

Dated:_____          _____
                                                          Signature

4.25.02          **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE**

# EXHIBIT B

1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    PAULA M. WEBER #121144
2   NEELAM NAIDU #239052
    50 Fremont Street
3   Post Office Box 7880
    San Francisco, CA 94120-7880
4   Telephone: (415) 983-1000
    Facsimile: (415) 983-1200
5
    Attorneys for Defendant
6   APEX SYSTEMS, INC.

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SAN MATEO

10

11   _____

12   JASON DILLON, an individual,                    Case No. CIV 464633

13                      Plaintiff,          ANSWER OF DEFENDANT
                                            APEX SYSTEMS, INC.
14         vs.                              TO PLAINTIFF'S COMPLAINT

15   APEX SYSTEMS, INC., and DOES 1-25,

16                      Defendants.                 BY FAX

17

18

19
                                            Complaint Filed: July 20, 2007
20
    _____
21

22         Defendant APEX SYSTEMS, INC. ("Defendant") answers the causes of action

23   directed against it contained in the unverified complaint ("complaint") for alleged

24   violations of Labor Code sections 200, 201(a), 203, 218.5, 226, 226.7, 227.3, 510, 512, 558,

25   1174, 1174.5, 1194, 1198, 2698 et seq., applicable IWC Wage Orders, alleged unfair

26   competition in violation of unfair business practices (Business and Professions Code

27   section 17200, et seq.), and constructive trust, filed by Jason Dillon ("Plaintiff") as follows:

28

ENDORSED FILED
SAN MATEO COUNTY

SEP 1 4 2007

C__ of the Superior Court
by DANIEL SHEA
DEPUTY CLERK

<div align="center">GENERAL DENIALS</div>

1.    Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendant denies generally the allegations of Plaintiff's complaint.

2.    Defendant further denies, generally and specifically, that Plaintiff has been damaged in any amount, or at all, by reason of any act or omission on the part of Defendant, or on the part of any of its agents, representatives and/or employees.

**WITHOUT WAIVING ANY OF THE FOREGOING, DEFENDANT, AS AND FOR ITS AFFIRMATIVE DEFENSES TO THE UNVERIFIED COMPLAINT, ALLEGES AS FOLLOWS:**

<div align="center">FIRST AFFIRMATIVE DEFENSE</div>

1.    Defendant avers that the complaint, and each purported claim therein, fails to state a claim upon which relief can be granted.

<div align="center">SECOND AFFIRMATIVE DEFENSE</div>

2.    Defendant avers that the complaint, and each purported claim therein, is barred to the extent that Plaintiff seeks relief for claims which did not accrue within the applicable statute of limitations. See, e.g., Cal. Code Civ. Proc. §§ 335.1 (two years for wrongful act/neglect), 337(1), 338(a), 339(1), 340(a), 340(b), 343; and Cal. Bus. & Prof. Code § 17208.

<div align="center">THIRD AFFIRMATIVE DEFENSE</div>

3.    Defendant's actions, if any, toward Plaintiff were based on good, sufficient and legal cause, upon reasonable grounds for belief in their justification, and were taken in good faith and without malice.

<div align="center">FOURTH AFFIRMATIVE DEFENSE</div>

4.    Defendant avers that the complaint, and each purported claim therein, is barred because Defendant's statements and conduct were privileged and justified.

<div align="center">FIFTH AFFIRMATIVE DEFENSE</div>

5.    Defendant avers that the complaint, and each purported claim therein, is barred in whole or in part by the doctrines of laches and/or unclean hands.

1

<div align="center">SIXTH AFFIRMATIVE DEFENSE</div>

2    6.    Defendant avers that the complaint, and each purported claim therein, is

3    barred in whole or in part by the doctrines of release, rescission, accord and satisfaction,

4    waiver, consent and estoppel.

5

<div align="center">SEVENTH AFFIRMATIVE DEFENSE</div>

6    7.    Defendant avers that the complaint, and each purported claim therein, is

7    barred in whole or in part because Plaintiff's conduct and/or statements constituted fraud or

8    were based on fraudulent misrepresentation.

9

<div align="center">EIGHTH AFFIRMATIVE DEFENSE</div>

10    8.    Defendant avers that the complaint is barred because Plaintiff failed or

11    refused to mitigate his damages, if any.

12

<div align="center">NINTH AFFIRMATIVE DEFENSE</div>

13    9.    Plaintiff's claims are barred to the extent he qualifies for an exemption to

14    overtime pay and other wage and hour provisions under applicable federal and California

15    law.

16

<div align="center">TENTH AFFIRMATIVE DEFENSE</div>

17    10.    Plaintiff is not entitled to recover any Labor Code Section 203 penalties

18    prayed for in the complaint because Defendant did not act willfully within the meaning of

19    the statute as a good faith dispute exists as to whether Plaintiff is entitled to overtime or

20    other alleged unpaid wages.  Cal. Code Regs. Tit. 8 § 13520.

21

<div align="center">ELEVENTH AFFIRMATIVE DEFENSE</div>

22    11.    If any loss, injury, damage or detriment occurred as alleged in Plaintiff's

23    complaint, the loss, injury, damage or detriment was caused and contributed to by the

24    actions of Plaintiff; Plaintiff did not exercise ordinary care on his own behalf; Plaintiff's

25    own acts and omissions proximately caused and contributed to the loss, injury, damage or

26    detriment alleged by Plaintiff; and Plaintiff's recovery from Defendant, if any, should be

27    reduced in proportion to the percentage of Plaintiff's own negligence or fault.

28

ANSWER OF DEFENDANT APEX SYSTEMS, INC. TO PLAINTIFF'S COMPLAINT

1                        TWELFTH AFFIRMATIVE DEFENSE

2          12.    Defendant avers that Plaintiff improperly attempts to join parties through the

3    complaint who do not assert rights which arise from the same transaction or occurrence and

4    whose claims do not present common questions of law or fact.  Cal. Code Civ. Proc. § 378.

5                        THIRTEENTH AFFIRMATIVE DEFENSE

6          13.    All or a portion of the damages alleged by Plaintiff are attributable to causes

7    other than any alleged acts or omissions by Defendant.

8                        FOURTEENTH AFFIRMATIVE DEFENSE

9          14.    No conduct by or attributable to Defendant was the cause in fact or

10   proximate cause of any damages allegedly suffered by Plaintiff.

11                       FIFTEENTH AFFIRMATIVE DEFENSE

12   ·    15.    Plaintiff's complaint, and each purported cause of action therein, is barred

13   because Defendant does not owe a legal duty to Plaintiff or, if any legal duty arose, it was

14   not breached by Defendant.

15                       SIXTEENTH AFFIRMATIVE DEFENSE

16         16.    Plaintiff's complaint, and each purported cause of action therein, fails to

17   state a claim for which relief may be granted because Plaintiff was required to substantially

18   comply with all the directions of Defendant concerning the service in which Plaintiff was

19   engaged, and such obedience was neither impossible nor unlawful, and did not impose new

20   and unreasonable burdens upon Plaintiff, but Plaintiff did not so substantially comply in

21   violation of California Labor Code Section 2856.

22                     SEVENTEENTH AFFIRMATIVE DEFENSE

23         17.    Plaintiff's complaint, and each purported cause of action therein, fails to

24   state a claim for which relief may be granted because Plaintiff failed to perform his service

25   in conformity to the usage of the place of performance, in violation of California Labor

26   Code Section 2857, and Plaintiff was not otherwise directed by Defendant to perform his

27   service, not was it impracticable or manifestly injurious to Defendant to do so.

28

ANSWER OF DEFENDANT APEX SYSTEMS, INC. TO PLAINTIFF'S COMPLAINT

1              EIGHTEENTH AFFIRMATIVE DEFENSE

2        18.     The relief requested by Plaintiff pursuant to California Business and

3 Professions Code Sections 17200 et seq., should be denied because Plaintiff has an

4 adequate remedy at law.

5              NINETEENTH AFFIRMATIVE DEFENSE

6        19.     Plaintiff's complaint, and the sixth cause of action contained therein, is

7 barred because Plaintiff cannot show a deception upon the public.

8              TWENTIETH AFFIRMATIVE DEFENSE

9        20.     Plaintiff's complaint, and the sixth cause of action contained therein, is

10 barred because Plaintiff cannot show an injury to competition, as distinguished from

11 injuries to himself.

12            TWENTY-FIRST AFFIRMATIVE DEFENSE

13        21.     Plaintiff's complaint, and each purported cause of action contained therein,

14 is barred in whole or in part because maintenance of the action on behalf of the general

15 public and current and former employees he purports to base his claims is preempted by

16 Section 216(b) of the Fair Labor Standards Act, which prohibits an employee from

17 participating in any wage action unless he or she consents to such participation in writing

18 and files such written consent in the court in which the suit is brought. 29 U.S.C. § 216(b).

19           TWENTY-SECOND AFFIRMATIVE DEFENSE

20        22.     Plaintiff's complaint, and each purported cause of action contained therein,

21 is barred in whole or in part because it is preempted to the extent it seeks remedies different

22 from or conflicting with those provided for by the Fair Labor Standards Act, 29 U.S.C.

23 Sections 216 and 217, which remedies include, but are not limited to, the right to obtain

24 injunctive relief.

25           TWENTY-THIRD AFFIRMATIVE DEFENSE

26        23.     Plaintiff's claims under California Labor Code Section 2698 et seq. are

27 barred to the extent Plaintiff failed to exhaust his administrative remedies as required by

28 that section.

1    TWENTY-FOURTH AFFIRMATIVE DEFENSE

2    24.    Plaintiff is precluded from recovering attorneys' fees from Defendant under

3    applicable provisions of law, including, without limitation, California Business &

4    Professions Code Section 17200 et seq., California Code of Civil Procedure Section 1021.5

5    and California Labor Code Sections 218.5, 226(g), 1194, 2699(g).

6    TWENTY-FIFTH AFFIRMATIVE DEFENSE

7    25.    Defendants cannot anticipate at this time all defenses that may be applicable.

8    Accordingly, Defendants reserve the right to assert additional defenses if, and to the extent,

9    such affirmative defenses are later discovered and found to be applicable.

10    Dated: September 14, 2007

11    PILLSBURY WINTHROP SHAW PITTMAN LLP
       PAULA M. WEBER
12    NEELAM NAIDU
       50 Fremont Street
13    Post Office Box 7880
       San Francisco, CA  94120-7880

14

15    By _____
                    Neelam Naidu
16                 Neelam Naidu
               Attorneys for Defendant
17             APEX SYSTEMS, INC.

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT APEX SYSTEMS, INC. TO PLAINTIFF'S COMPLAINT

1                    PROOF OF SERVICE BY MAIL

2          I, Robert J. Foley, the undersigned, hereby declare as follows:

3          1.      I am over the age of 18 years and am not a party to the within cause.  I am

4    employed by Pillsbury Winthrop Shaw Pittman LLP in the City of San Francisco,

5    California.

6          2.      My  business address is 50 Fremont Street, San Francisco, CA 94105-2228.

7    My mailing address is 50 Fremont Street, P. O. Box 7880, San Francisco, CA  94120-7880.

8          3.      I am familiar with Pillsbury Winthrop Shaw Pittman LLP's practice for

9    collection and processing of correspondence for mailing with the United States Postal

10   Service; in the ordinary course of business, correspondence placed in interoffice mail is

11   deposited with the United States Postal Service with first class postage thereon fully

12   prepaid on the same day it is placed for collection and mailing.

13         4.      On September 14, 2007, at 50 Fremont Street, San Francisco, California, I

14   served a true copy of the attached document(s) titled exactly ANSWER OF DEFENDANT

15   APEX SYSTEMS, INC. TO PLAINTIFF'S COMPLAINT by placing it/them in an

16   addressed, sealed envelope clearly labeled to identify the person being served at the address

17   shown below and placed in interoffice mail for collection and deposit in the United States

18   Postal Service on that date following ordinary business practices:

19   Walter L. Haines, Esq.
     Thomas K. Emmitt, Esq.
20   Charles A. Correia, Esq.
     United Employees Law Group, P.C.
21   65 Pine Avenue, #312
     Long Beach, CA  90802
22

23         I declare under penalty of perjury that the foregoing is true and correct.  Executed

24   this 14th day of September, 2007, at San Francisco, California.

25

26

27                                                              Robert J. Foley

28

700804255v1                          - 7 -                    Case No. CIV 464633

ANSWER OF DEFENDANT APEX SYSTEMS, INC. TO PLAINTIFF'S COMPLAINT