# EXHIBIT B

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   PAULA M. WEBER #121144
2  NEELAM NAIDU #239052
   50 Fremont Street
3  Post Office Box 7880
   San Francisco, CA  94120-7880
4  Telephone: (415) 983-1000
   Facsimile: (415) 983-1200
5
   Attorneys for Defendant
6  APEX SYSTEMS, INC.

ENDORSED FILED
SAN MATEO COUNTY

SEP 1 4 2007

Clk   of the Superior Court
By _____ DANIEL SHEA
        DEPUTY CLERK

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN MATEO

10

11  _____

12  JASON DILLON, an individual,            )      Case No. CIV 464633
                                            )
13                        Plaintiff,        )      ANSWER OF DEFENDANT
                                            )      APEX SYSTEMS, INC.
14      vs.                                 )      TO PLAINTIFF'S COMPLAINT
                                            )
15  APEX SYSTEMS, INC., and DOES 1-25,      )
                                            )
16                        Defendants.       )      BY FAX
                                            )
17                                          )
                                            )
18                                          )
                                            )
19                                          )
                                            )      Complaint Filed:  July 20, 2007
20                                          )
                                            )
21  _____

22      Defendant APEX SYSTEMS, INC. ("Defendant") answers the causes of action

23  directed against it contained in the unverified complaint ("complaint") for alleged

24  violations of Labor Code sections 200, 201(a), 203, 218.5, 226, 226.7, 227.3, 510, 512, 558,

25  1174, 1174.5, 1194, 1198, 2698 et seq., applicable IWC Wage Orders, alleged unfair

26  competition in violation of unfair business practices (Business and Professions Code

27  section 17200, et seq.,), and constructive trust, filed by Jason Dillon ("Plaintiff") as follows:

28

700804255v1                          - 1 -                    Case No. CIV 464633

ANSWER OF DEFENDANT APEX SYSTEMS, INC. TO PLAINTIFF'S COMPLAINT

GENERAL DENIALS

1.    Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendant denies generally the allegations of Plaintiff's complaint.

2.    Defendant further denies, generally and specifically, that Plaintiff has been damaged in any amount, or at all, by reason of any act or omission on the part of Defendant, or on the part of any of its agents, representatives and/or employees.

**WITHOUT WAIVING ANY OF THE FOREGOING, DEFENDANT, AS AND FOR ITS AFFIRMATIVE DEFENSES TO THE UNVERIFIED COMPLAINT, ALLEGES AS FOLLOWS:**

FIRST AFFIRMATIVE DEFENSE

1.    Defendant avers that the complaint, and each purported claim therein, fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

2.    Defendant avers that the complaint, and each purported claim therein, is barred to the extent that Plaintiff seeks relief for claims which did not accrue within the applicable statute of limitations. See, e.g., Cal. Code Civ. Proc. §§ 335.1 (two years for wrongful act/neglect), 337(1), 338(a), 339(1), 340(a), 340(b), 343; and Cal. Bus. & Prof. Code § 17208.

THIRD AFFIRMATIVE DEFENSE

3.    Defendant's actions, if any, toward Plaintiff were based on good, sufficient and legal cause, upon reasonable grounds for belief in their justification, and were taken in good faith and without malice.

FOURTH AFFIRMATIVE DEFENSE

4.    Defendant avers that the complaint, and each purported claim therein, is barred because Defendant's statements and conduct were privileged and justified.

FIFTH AFFIRMATIVE DEFENSE

5.    Defendant avers that the complaint, and each purported claim therein, is barred in whole or in part by the doctrines of laches and/or unclean hands.

1    SIXTH AFFIRMATIVE DEFENSE

2    6.    Defendant avers that the complaint, and each purported claim therein, is

3    barred in whole or in part by the doctrines of release, rescission, accord and satisfaction,

4    waiver, consent and estoppel.

5    SEVENTH AFFIRMATIVE DEFENSE

6    7.    Defendant avers that the complaint, and each purported claim therein, is

7    barred in whole or in part because Plaintiff's conduct and/or statements constituted fraud or

8    were based on fraudulent misrepresentation.

9    EIGHTH AFFIRMATIVE DEFENSE

10    8.    Defendant avers that the complaint is barred because Plaintiff failed or

11    refused to mitigate his damages, if any.

12    NINTH AFFIRMATIVE DEFENSE

13    9.    Plaintiff's claims are barred to the extent he qualifies for an exemption to

14    overtime pay and other wage and hour provisions under applicable federal and California

15    law.

16    TENTH AFFIRMATIVE DEFENSE

17    10.    Plaintiff is not entitled to recover any Labor Code Section 203 penalties

18    prayed for in the complaint because Defendant did not act willfully within the meaning of

19    the statute as a good faith dispute exists as to whether Plaintiff is entitled to overtime or

20    other alleged unpaid wages.  Cal. Code Regs. Tit. 8 § 13520.

21    ELEVENTH AFFIRMATIVE DEFENSE

22    11.    If any loss, injury, damage or detriment occurred as alleged in Plaintiff's

23    complaint, the loss, injury, damage or detriment was caused and contributed to by the

24    actions of Plaintiff; Plaintiff did not exercise ordinary care on his own behalf; Plaintiff's

25    own acts and omissions proximately caused and contributed to the loss, injury, damage or

26    detriment alleged by Plaintiff; and Plaintiff's recovery from Defendant, if any, should be

27    reduced in proportion to the percentage of Plaintiff's own negligence or fault.

28

1    <u>TWELFTH AFFIRMATIVE DEFENSE</u>

2        12.    Defendant avers that Plaintiff improperly attempts to join parties through the

3    complaint who do not assert rights which arise from the same transaction or occurrence and

4    whose claims do not present common questions of law or fact.  Cal. Code Civ. Proc. § 378.

5    <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

6        13.    All or a portion of the damages alleged by Plaintiff are attributable to causes

7    other than any alleged acts or omissions by Defendant.

8    <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

9        14.    No conduct by or attributable to Defendant was the cause in fact or

10   proximate cause of any damages allegedly suffered by Plaintiff.

11   <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

12       15.    Plaintiff's complaint, and each purported cause of action therein, is barred

13   because Defendant does not owe a legal duty to Plaintiff or, if any legal duty arose, it was

14   not breached by Defendant.

15   <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

16       16.    Plaintiff's complaint, and each purported cause of action therein, fails to

17   state a claim for which relief may be granted because Plaintiff was required to substantially

18   comply with all the directions of Defendant concerning the service in which Plaintiff was

19   engaged, and such obedience was neither impossible nor unlawful, and did not impose new

20   and unreasonable burdens upon Plaintiff, but Plaintiff did not so substantially comply in

21   violation of California Labor Code Section 2856.

22   <u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

23       17.    Plaintiff's complaint, and each purported cause of action therein, fails to

24   state a claim for which relief may be granted because Plaintiff failed to perform his service

25   in conformity to the usage of the place of performance, in violation of California Labor

26   Code Section 2857, and Plaintiff was not otherwise directed by Defendant to perform his

27   service, not was it impracticable or manifestly injurious to Defendant to do so.

28

ANSWER OF DEFENDANT APEX SYSTEMS, INC. TO PLAINTIFF'S COMPLAINT

1  <u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

2  18.  The relief requested by Plaintiff pursuant to California Business and

3  Professions Code Sections 17200 <u>et seq.</u>, should be denied because Plaintiff has an

4  adequate remedy at law.

5  <u>NINETEENTH AFFIRMATIVE DEFENSE</u>

6  19.  Plaintiff's complaint, and the sixth cause of action contained therein, is

7  barred because Plaintiff cannot show a deception upon the public.

8  <u>TWENTIETH AFFIRMATIVE DEFENSE</u>

9  20.  Plaintiff's complaint, and the sixth cause of action contained therein, is

10  barred because Plaintiff cannot show an injury to competition, as distinguished from

11  injuries to himself.

12  <u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

13  21.  Plaintiff's complaint, and each purported cause of action contained therein,

14  is barred in whole or in part because maintenance of the action on behalf of the general

15  public and current and former employees he purports to base his claims is preempted by

16  Section 216(b) of the Fair Labor Standards Act, which prohibits an employee from

17  participating in any wage action unless he or she consents to such participation in writing

18  and files such written consent in the court in which the suit is brought.  29 U.S.C. § 216(b).

19  <u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

20  22.  Plaintiff's complaint, and each purported cause of action contained therein,

21  is barred in whole or in part because it is preempted to the extent it seeks remedies different

22  from or conflicting with those provided for by the Fair Labor Standards Act, 29 U.S.C.

23  Sections 216 and 217, which remedies include, but are not limited to, the right to obtain

24  injunctive relief.

25  <u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

26  23.  Plaintiff's claims under California Labor Code Section 2698 <u>et seq.</u> are

27  barred to the extent Plaintiff failed to exhaust his administrative remedies as required by

28  that section.

1            TWENTY-FOURTH AFFIRMATIVE DEFENSE

2     24.   Plaintiff is precluded from recovering attorneys' fees from Defendant under

3 applicable provisions of law, including, without limitation, California Business &

4 Professions Code Section 17200 et seq., California Code of Civil Procedure Section 1021.5

5 and California Labor Code Sections 218.5, 226(g), 1194, 2699(g).

6            TWENTY-FIFTH AFFIRMATIVE DEFENSE

7     25.   Defendants cannot anticipate at this time all defenses that may be applicable.

8 Accordingly, Defendants reserve the right to assert additional defenses if, and to the extent,

9 such affirmative defenses are later discovered and found to be applicable.

10     Dated: September 14, 2007

11                PILLSBURY WINTHROP SHAW PITTMAN LLP
                   PAULA M. WEBER
12                NEELAM NAIDU
                   50 Fremont Street
13                Post Office Box 7880
                   San Francisco, CA 94120-7880

14

15

16     By _____
                  Neelam Naidu
17               Attorneys for Defendant
              APEX SYSTEMS, INC.

<u>PROOF OF SERVICE BY MAIL</u>

I, Robert J. Foley, the undersigned, hereby declare as follows:

1.     I am over the age of 18 years and am not a party to the within cause. I am employed by Pillsbury Winthrop Shaw Pittman LLP in the City of San Francisco, California.

2.     My business address is 50 Fremont Street, San Francisco, CA 94105-2228. My mailing address is 50 Fremont Street, P. O. Box 7880, San Francisco, CA 94120-7880.

3.     I am familiar with Pillsbury Winthrop Shaw Pittman LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

4.     On September 14, 2007, at 50 Fremont Street, San Francisco, California, I served a true copy of the attached document(s) titled exactly ANSWER OF DEFENDANT APEX SYSTEMS, INC. TO PLAINTIFF'S COMPLAINT by placing it/them in an addressed, sealed envelope clearly labeled to identify the person being served at the address shown below and placed in interoffice mail for collection and deposit in the United States Postal Service on that date following ordinary business practices:

Walter L. Haines, Esq.
Thomas K. Emmitt, Esq.
Charles A. Correia, Esq.
United Employees Law Group, P.C.
65 Pine Avenue, #312
Long Beach, CA 90802

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of September, 2007, at San Francisco, California.

Robert J. Foley

ANSWER OF DEFENDANT APEX SYSTEMS, INC. TO PLAINTIFF'S COMPLAINT

E-filing

C 07 4746 MMC

## U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. <u>This means that you **must**</u> (check off the boxes ☑ when done):

- ☐ **1) Serve** <u>this</u> ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

  <u>Each attorney representing a party must also</u>:

- ☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

- ☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

- ☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that – it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856.**

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

### Submitting Initiating Documents

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

### Converting Documents to PDF

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

Version 5/14/2007

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JASON DILLON,                    E-filing

                Plaintiff (s),

        v.

APEX SYSTEMS INC.,
                Defendant(s).

No. **C 07-04746 MMC**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Maxine M. Chesney. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order  and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 9/14/2007 | Notice of removal filed | |
| 11/30/2007 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil_L.R. 16-8 |
| 12/14/2007 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil_L.R . 16-9 |
| 12/21/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm 7, 19th Floor at 10:30 AM | Civil_L.R. 16-10 |

*  If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|                    |   |                        |
|--------------------|---|------------------------|
|                    | ) |                        |
|                    | ) |                        |
|                    | ) |                        |
| Plaintiff(s),      | ) | NO. C-          MMC    |
|                    | ) |                        |
| vs.                | ) |                        |
|                    | ) | CASE MANAGEMENT        |
|                    | ) | CONFERENCE ORDER       |
|                    | ) |                        |
| Defendant(s),      | ) |                        |
|                    | ) |                        |

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on _____ at 10:30 a.m. in Courtroom No. 7, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.    Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed in the *Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement.* Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.   Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.

Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

Any request to reschedule the above dates shall be made in writing, and, if

possible, by stipulation. Unless impracticable, such request shall be made not less than ten days before the conference date.  Good cause must be shown.

Failure to comply with this Order or the Local Rules of this Court may result in sanctions.  See Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

IT IS SO ORDERED.

Dated:   February 27, 2007.

MAXINE M. CHESNEY
United States District Judge

## STANDING ORDERS FOR CIVIL CASES
### ASSIGNED TO THE HONORABLE MAXINE M. CHESNEY

1.   Counsel shall consult and comply with all provisions of the Local Rules relating to continuance, motions, briefs, and all other matters, unless superseded by these Standing Orders.

2.   **Electronic Case Filing - Lodging Hard Copies for Chambers**

     In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked **"Chambers Copy"** and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and "E-Filing Chambers Copy."

3.   **Scheduling Days:**

     a.   Criminal Law and Motion Calendar is conducted on Wednesdays at **2:30 p.m.**
     b.   Civil Law and Motion Calendar is conducted on Fridays at **9:00 a.m.**
     c.   Case Management Conferences are conducted on Fridays at **10:30 a.m.,** with order of call determined by the Court.
     d.   Pretrial conferences are generally conducted on Tuesday afternoons at **3:00 p.m.**
     e.   Counsel need not reserve a hearing date for motions, but noticed dates may be reset as the Court's calendar requires.

4.   **Proposed Orders Required:**  Each party filing <u>or opposing</u> a motion shall also serve and file a proposed order which sets forth the relief or action sought and a <u>short</u> statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt.

5.   **Discovery:** Discovery motions will be referred to a Magistrate Judge.

6.   **Procedural Matters:**  Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, an administrative request in accordance with Civil Local Rule 7-11. *In either case, no changes in the Court's schedule or procedures shall be made except by signed order of the Court* **and only upon a showing of good cause.**

7.   **Service of Standing Orders:** Plaintiff is directed to serve copies of these standing orders at once upon all parties to this action and upon those subsequently joined, in accordance with the provisions of Rules 4 and 5, Federal Rules of Civil Procedure, and to file with the Clerk of the Court a certificate reflecting such service.

**IT IS SO ORDERED.**

Dated: April 20, 2005

Maxine M. Chesney
United States District Judge

### STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.    <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10.    <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:   9:00 A.M. TO 4:00 P.M.
### 415.522.2000
#### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1. Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2. This office will retain the original plus one copy of most documents submitted.  We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3. The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4. In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5. The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6. The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration (**ARB**), Early Neutral Evaluation (**ENE**) or Mediation (**MED**)--if assigned to one of those programs.

7. The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8. Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9. Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10.   Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11.   There are no filing fees once a case has been opened.

12.   New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the complaint. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.   Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14.   Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15.   A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16.   The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17.   Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18.   We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

# PUBLIC NOTICE

## MAGISTRATE JUDGE

### U.S. DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

The current term of office of United States Magistrate Judge Wayne D. Brazil is due to expire on June 3, 2008. The United States District Court is required by law to establish a panel of citizens to consider the reappointment of the magistrate judge to a new 8-year term.

The duties of the magistrate judge position include the following: 1) conduct of most preliminary proceedings in criminal cases; 2) trial and disposition of misdemeanor cases; 3) conduct of various pretrial matters and evidentiary proceedings on delegation from the judges of the district court; 4) trial and disposition of civil cases upon consent of the litigants; and 5) conduct of settlement conferences.

Comments from members of the bar and the public are invited as to whether the incumbent magistrate judge should be recommended by the panel for reappointment by the court and should be submitted in writing no later than September 21, 2007 to: **Richard W. Wieking, Clerk of the Court, United States District Court, 450 Golden Gate Avenue, P.O. Box 36060, San Francisco, CA 94102.**

<u>PROOF OF SERVICE BY MAIL</u>

1

2       I, Robert J. Foley, the undersigned, hereby declare as follows:

3           1.      I am over the age of 18 years and am not a party to the within cause.  I am

4    employed by Pillsbury Winthrop Shaw Pittman LLP in the City of San Francisco,

5    California.

6           2.      My business address is 50 Fremont Street, San Francisco, CA 94105-2228.

7    My mailing address is 50 Fremont Street, P. O. Box 7880, San Francisco, CA  94120-7880.

8           3.      I am familiar with Pillsbury Winthrop Shaw Pittman LLP's practice for

9    collection and processing of correspondence for mailing with the United States Postal

10   Service; in the ordinary course of business, correspondence placed in interoffice mail is

11   deposited with the United States Postal Service with first class postage thereon fully

12   prepaid on the same day it is placed for collection and mailing.

13          4.      On September 14, 2007, at 50 Fremont Street, San Francisco, California, I

14   served a true copy of the attached document(s) titled exactly DEFENDANT APEX

15   SYSTEM INC.'S NOTICE TO COURT CLERK OF FILING NOTICE OF REMOVAL

16   TO FEDERAL COURT by placing it/them in an addressed, sealed envelope clearly labeled

17   to identify the person being served at the address shown below and placed in interoffice

18   mail for collection and deposit in the United States Postal Service on that date following

19   ordinary business practices:

20   Walter L. Haines, Esq.
     Thomas K. Emmitt, Esq.
21   Charles A. Correia, Esq.
     United Employees Law Group, P.C.
22   65 Pine Avenue, #312
     Long Beach, CA  90802
23

24          I declare under penalty of perjury that the foregoing is true and correct.  Executed

25   this 14th day of September, 2007, at San Francisco, California.

26

27                                              _____
                                                            Robert J. Foley
28

DEF.'S NOTICE TO SUPERIOR COURT CLERK OF FILING REMOVAL TO FEDERAL COURT