PILLSBURY WINTHROP SHAW PITTMAN LLP
PAULA M. WEBER #121144
NEELAM NAIDU #239052
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for Defendant
APEX SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DILLON,<br><br>    Plaintiff,<br><br>vs.<br><br>APEX SYSTEMS, INC. and DOES 1-25,<br><br>    Defendants. | Case No. C 07 4746 MMC<br><br>RULE 26(f) JOINT REPORT<br><br><br><br>JUDGE MAXINE M. CHESNEY |

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held via telephone on November 30, 2007 and was attended by:

Gregory Douglas, United Employees Law Group, P.C., for Plaintiff Jason Dillon

Paula Weber, Pillsbury Winthrop Shaw Pittman LLP, for Defendant Apex Systems, Inc.

1.      **Pre-Discovery Disclosures.** The parties will exchange the discovery disclosures required by Rule 26(a)(1) by December 21, 2007.

2.  **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

    (A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

The parties have stipulated to a one week extension to make initial disclosures. No additional changes to the timing, form, or requirement of disclosures under Rule 26(a) are requested.

    (B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

Discovery will be needed on the following broad subjects: (a) the nature and factual basis for plaintiff's claims; (b) the nature of the employment relationship, if any, between plaintiff, Apex and other entities; (c) the nature and factual basis for defendants' substantive defenses to plaintiff's claims; and (d) damages issues.

The parties agree that discovery can be completed within 12 months. The parties propose that non-expert discovery be completed 90 days prior to the trial date.

    (C) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

The parties have disclosed their possession of electronically stored information, its category and location, and the form they plan to produce the information. No other issues remain at this time.

    (D) Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.

None at this time.

    (E) What changes should be made in the limitations on discovery

1  None at this time.

2  (F) Any other orders that should be entered by the court under Rule 26(c)
3  or under Rule 16(b) and (c).

4  None at this time.

5  Defendant Apex Systems, Inc. is authorized to submit this joint report on behalf of
6  all parties.

7  Dated: December 14, 2007.

```
                        PILLSBURY WINTHROP SHAW PITTMAN LLP
                        PAULA M. WEBER
                        NEELAM NAIDU
                        50 Fremont Street
                        Post Office Box 7880
                        San Francisco, CA 94120-7880


                        By _____/s/_____
                                  PAULA M. WEBER
                            Attorneys for Defendant
                            APEX SYSTEMS, INC.
```