UNITED EMPLOYEES LAW GROUP, P.C.
Walter L. Haines, Esq.  SBN 71075
Gregory A. Douglas, Esq. SBN
65 Pine Ave., #312
Long Beach, CA 90802
Tel: (562) 256-1047
Fax: (562) 256-1006

Attorneys for Plaintiff,
JASON DILLON

UNITED STATAES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DILLON, an individual | ) **PLAINTIFF JASON DILLON'S INITIAL** |
| | ) **DISCLOSURES** |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| APEX SYSTEMS, INC., a California | ) |
| corporation; and DOES 1-25, | ) |
| | ) |
| Defendant(s). | ) |

Plaintiff Jason Dillon ("Plaintiff" or "Dillon") hereby makes the following initial disclosures pursuant to the Federal Rules of Civil Procedure Rule 26(a)(1):

1

PLAINTIFF JASON DILLON'S INITIAL DISCLOSURES

A. **<u>INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION</u>**

Plaintiff Jason Dillon: the allegations in Plaintiff's complaint including, but not limited to, Plaintiff's claim that he did not qualify as an exempt employee when employed by Apex Systems, Inc. ("Defendant" or "Apex") and his claim that he routinely worked in excess of eight hours per day and forty hours per week. Plaintiff can be contacted through counsel, United Employees Law Group, 65 Pine Avenue, Suite 312, Long Beach, CA 90802 (562) 256-1047.

Rene Guidrey: who was Plaintiff's immediate supervisor during his employment at Apex.

Roger Gonzales: who was and employee at T-Mobile and was Plaintiff's immediate supervisor when Plaintiff was assigned by Apex to perform work for T-Mobile. Contact information currently unknown.

Current and former employees of Apex that worked with Plaintiff while he was employed by Apex during the relevant time period, as yet unidentified.

Current and former employees of T-Mobile that worked with Plaintiff when plaintiff was assigned to perform work for T-Mobile, as yet unidentified.

To the extent that Plaintiff identifies current or former employees of Apex that may have discoverable information related to this case, such employees may be contacted through counsel, United Employees Law Group, 65 Pine Avenue, Suite 312, Long Beach, CA 90802 (562) 256-1047.

To the extent that Plaintiff identifies current or former employees of T-Mobile that may have discoverable information related to this case, such employees may be contacted through counsel, United Employees Law Group, 65 Pine Avenue, Suite 312, Long Beach, CA 90802 (562) 256-1047.

B. **<u>DISCRIPTION OF DOCUMENTS.</u>**

Pursuant to Rule 26(a)(1)(B) of the Federal Rule of Civil Procedure, the following descriptive categories of documents are documents that Plaintiff may use to support his claims and damages. All documents identified herein may be located at Apex, T-Mobile, and/or Plaintiff's attorney's offices. Plaintiff may be in possession of some of the identified documents and in the process of providing his counsel with any and all such documents. The documents are in the process of being located and/or

produced by Plaintiff's counsel for use in this action.

    Plaintiff's personnel file;

    Plaintiff's time records and work schedules, if any;

    Plaintiff's payroll records;

    Plaintiff's job description;

    VPN logs;

    Citrix server records;

    Apex Time Manager;

    Comsis records;

    emails from/to Plaintiff and employees of Apex;

    emails from/to Plaintiff and employees of T-Mobile;

    T-Mobile's remedy trouble management system;

    Plaintiff's work cellular phone records;

    Apex and/or T-Mobile trouble tickets;

    T-Mobile time approval system.

    As discovery progresses, additional documents may be identified and therefore Plaintiff reserves the right to supplement, augment, or modify these disclosures pursuant to Rule 26(e) as discovery is completed.

**C.**    **COMPUTATION OF DAMAGES.**

    Plaintiff alleges that he routinely worked in excess or eight hours per day and forty hours per week during much of the time he was employed by Apex. Plaintiff further alleges that during a portion of the time he was employed by Apex, he was on-call twenty-four hours per day, seven days per week (24/7). Plaintiff's estimated damages are set forth in the demand letter and spreadsheet analysis of claim already in Defendant's possession. Further, Plaintiff was denied meal and rest breaks, was not provided accurate itemized statements, and seeks to recover penalties for those reasons as well as waiting time penalties, all of which is set forth (including damage amounts) in the demand letter and spreadsheet analysis of claim already in Defendant's possession.

PLAINTIFF JASON DILLON'S INITIAL DISCLOSURES

D.   **INSURANCE AGREEMENT.**

Plaintiff is not aware of any insurance agreement meeting the description of Rule 26(a)(1)(D).

DATED: December 26, 2007                    UNITED EMPLOYEES LAW GROUP, P.C.


By: /s/ Gregory A. Douglas
Gregory A. Douglas
Attorneys for Plaintiff
JASON DILLON

4

PLAINTIFF JASON DILLON'S INITIAL DISCLOSURES