1    PILLSBURY WINTHROP SHAW PITTMAN LLP
      PAULA M. WEBER #121144
2    NEELAM NAIDU #239052
      50 Fremont Street
3    Post Office Box 7880
      San Francisco, CA 94120-7880
4    Telephone:  (415) 983-1000
      Facsimile:  (415) 983-1200
5
      Attorneys for Defendant
6    APEX SYSTEMS, INC.

7

      UNITED EMPLOYEES LAW GROUP, P.C.
8    WALTER L. HAINES #71075
      GREGORY A. DOUGLAS #147166
9    65 Pine Ave., 312
      Long Beach, CA  90802
10   Telephone:  (562) 256-1047
      Facsimile:  (562) 256-1006
11

12   Attorneys for Plaintiff
      JASON DILLON

13              UNITED STATES DISTRICT COURT

14           NORTHERN DISTRICT OF CALIFORNIA

15

16   JASON DILLON,        )   Case No. C 07 4746 MMC
                       )
17                   )   INITIAL JOINT CASE
              Plaintiff,  )   MANAGEMENT STATEMENT
18                   )   AND PROPOSED ORDER
      vs.               )
19                   )
                   )
20   APEX SYSTEMS, INC. and DOES 1-25,  )   Case Management Conference:
                   )   January 11, 2008, Courtroom 7,
21           Defendants.  )   10:30 a.m.
                   )
22                   )
                   )
23                   )

24

25        Pursuant to Civil Local Rule 16-9(a) and this court's Standing Order, Plaintiff Jason

26   Dillon ("Plaintiff") and Defendant Apex Systems, Inc. ("Defendant" or "Apex") jointly

27   submit this Case Management Statement and Proposed Order and request the Court to

28   700924093v1                  - 1 -

1 adopt it as its Case Management Order in this case.

2     1.  <u>Jurisdiction and Service</u>:  This court has original jurisdiction under 28

3 U.S.C. § 1332 on the basis of diversity because the matter in controversy exceeds the sum

4 of $75,000 exclusive of interest and costs, and is between citizens of different states.

5 Plaintiff is a citizen of the state of California and Defendant is a citizen of the state of

6 Virginia.  No issues exist regarding personal jurisdiction or venue.  No parties remain to be

7 served.

8     2.  <u>Facts</u>:  Defendant is a technical recruiting firm specializing in the temporary

9 and permanent placement of professionals in the fields of Information Technology,

10 Business Applications, Accounting and Finance, Legal, Telecommunications and

11 Engineering.  Plaintiff was employed by Defendant as a QA Engineer to work for T-Mobile

12 from December 23, 2005 until April 28, 2007.  Plaintiff submitted timesheets to Defendant

13 which were approved by T-Mobile.  Defendant paid Plaintiff based on the approved

14 timesheets.

15     The following factual issues are presently in dispute.  However, Defendant contends

16 that these facts may not be material, and that with discovery, they may be determined to be

17 not genuinely in dispute so as to preclude a motion for summary judgment:

18     (i)  Whether Plaintiff worked restricted on call, twenty-four hours per

19 day, seven days per week during his employment; and

20     (ii)  Whether Defendant paid Plaintiff for all hours he worked.

21     3.  <u>Legal Issues</u>:  The principal legal issues in dispute are:

22     (i)  Whether Defendant failed to pay overtime in violation of Labor Code

23 §§ 510, 558, 1194, 1198 and related statutes, and pursuant to applicable IWC Wage Orders;

24     (ii)  Whether Defendant willfully failed to pay Plaintiff all monies owed

25 to Plaintiff in violation of Labor Code §§ 201(a), 227.3, thereby subjecting it to waiting

26 time penalties under Labor Code § 203;

27     (iii)  Whether Defendant failed to provide accurate itemized statements in

28   700924093v1

- 2 -

1  violation of Labor Code § 226;

2        (iv)    Whether Defendant failed to provide Plaintiff with required meal

3  periods in violation of Labor Code §§ 226.7, 512 and applicable IWC Wage Orders;

4        (v)    Whether Defendant failed to provide Plaintiff with required rest

5  periods in violation of Labor Code § 226.7 and applicable IWC Wage Orders;

6        (vi)    Whether Defendant's actions constitute unfair competition in

7  violation of Business & Professions Code § 17200 et seq.; and

8        (vii)    Whether Defendant failed to produce records in violation of Labor

9  Code § 1174.5.

10       4.    Motions:  There are no prior or pending motions.  Defendant anticipates

11  filing a summary judgment motion in December 2008.

12       5.    Amendment of Pleadings:  The parties do not anticipate adding or

13  dismissing parties, claims or defenses.  The parties propose June 2, 2008 as the proposed

14  deadline for amending the pleadings.

15       6.    Evidence Preservation:  Defendant has enacted its policy regarding

16  document preservation with respect to evidence relevant to the issues in this action.

17  Plaintiff has been advised by counsel to take any and all steps necessary to prevent the

18  destruction of any documents he may have in his possession, custody or control, including

19  but not limited to correspondence, e-mails, voice mails, and other electronically-recorded

20  material that may be relevant to the issues raised in his complaint.

21       7.    Disclosures:  Defendant fully and timely complied with the initial disclosure

22  requirements of Federal Rule of Civil Procedure 26 by:

23       (i)    Disclosing the identity and contact information of five individuals

24  likely to have discoverable information;

25       (ii)    Producing in hard copy certain of Plaintiff's personnel records;

26  Plaintiff's time records; Plaintiff's pay and expense records; e-mails regarding and

27  involving Plaintiff; and electronically stored information of its PeopleSoft Application

28  700924093v1                          - 3 -

1   (including MyApex), which support Human Resource and Finance functions of Apex

2   Systems, and Exchange Email Application.

3        Plaintiff fully complied with the initial disclosures in that he has identified by name

4   all known individuals who he believes has discoverable information and he has described

5   by category and possible location the documents and electronically stored information he

6   may use to support his claims and defenses.

7        8.    Discovery: No discovery has been taken to date.

8        The parties agree to the following discovery plan:

9        The parties agree that discovery need not be conducted in phases or limited to any

10  particular issues. The parties further agree that discovery will be needed on the following

11  broad subjects: (a) the nature and factual basis for Plaintiff's claims; (b) the nature of the

12  employment relationship, if any, between Plaintiff, Defendant and other entities; (c) the

13  nature and factual basis for Defendants' substantive defenses to Plaintiff's claims; and (d)

14  damages issues. This will entail the depositions of Plaintiff, various T-Mobile and Apex

15  managers, together with document requests, interrogatories, and possible third-party

16  document subpoenas.

17       The parties propose that non-expert discovery, including resolution of discovery

18  motions, should be completed by January 12, 2009. The parties propose that expert

19  discovery, including resolution of discovery motions, should be completed by February 11,

20  2009. The parties agree that all discovery shall be conducted pursuant to the applicable

21  Federal Rules of Civil Procedure and this Court's Local Rules.

22       9.    Class Actions: Not applicable.

23       10.    Related Cases: Jason Dillon v. Apex Systems, Inc., San Mateo County

24  Superior Court, Case No. CIV 464633 (dispositioned upon removal to federal court).

25       11.    Relief: Plaintiff seeks back pay, front pay, special damages, general

26  damages, statutory damages, punitive damages, pre-judgment and post-judgment interest on

27  all damages awarded, Labor Code penalties, waiting time penalties, reasonable attorneys'

28    700924093v1

1  fees, costs of suit, compensation for missed meal and rest periods, injunction for Defendant

2  to cease unlawful and unfair practices, constructive trust and preliminary injunction.

3  Plaintiff contends damages amount to approximately $835,768.00, which includes claims

4  for unpaid overtime, waiting time penalties, statutory penalties, interest, costs and

5  attorney's fees.

6      12.   Settlement and ADR:  The parties are engaged in ongoing settlement

7  discussions and believe settlement is likely.  That parties have complied with ADR L.R. 3-

8  5.  The parties filed a Notice of Need for ADR Phone Conference and the phone conference

9  is scheduled for January 9, 2008 at 10:30 a.m.  The parties have requested an Early

10  Settlement Conference with a Magistrate Judge.

11      13.   Consent to Magistrate Judge For All Purposes:  The parties do not consent to

12  a magistrate judge.

13      14.   Other References:  This case is not suitable for reference to binding

14  arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15      15.   Narrowing of Issues:  There are no issues that can be narrowed.  The parties

16  do not request a bifurcation of issues, claims or defenses.

17      16.   Expedited Schedule:  This case cannot be handled on an expedited

18  basis with streamlined procedures.

19      17.   Scheduling:  The parties propose that all non-expert discovery, including

20  resolution of discovery motions, should be completed by January 12, 2009.  The parties

21  propose that expert discovery, including resolution of discovery motions, should be

22  completed by February 11, 2009.  The parties request a trial date during the second week of

23  March 2009.

24      18.   Trial:  Neither party has requested a jury, so this matter must be tried to the

25  court.  The parties expect that the trial will last five to seven days.

26      19.   Disclosure of Non-party Interested Entities or Persons:  None.

27      20.   Miscellaneous:  None.

28  700924093v1       - 5 -

1        Defendant Apex Systems, Inc. is authorized to submit this joint case management

2  statement on behalf of all parties.

3        Dated:  January 4, 2008.

4
                        PILLSBURY WINTHROP SHAW PITTMAN LLP

5                          PAULA M. WEBER
                        NEELAM NAIDU

6                          50 Fremont Street
                        Post Office Box 7880

7                          San Francisco, CA 94120-7880

8

9                      By _____/s/_____
                              PAULA M. WEBER

10                          Attorneys for Defendant
                        APEX SYSTEMS, INC.

11

12                          UNITED EMPLOYEES LAW GROUP, P.C.

13                          WALTER L. HAINES
                        GREGORY A. DOUGLAS

14                          65 Pine Avenue, #312
                        Long Beach, CA 90802

15

16                      By _____/s/_____

17                              GREGORY A. DOUGLAS
                        Attorneys for Plaintiff JASON DILLON

18

19  In accordance with General Order No. 45, Section X.B., I attest that concurrence in the

20  electronic filing of this joint case management statement and proposed order has been

21  obtained from Gregory Douglas, United Employees Law Group, P.C.

22

23

24                      By _____/s/_____

25                              PAULA M. WEBER
                        Attorneys for Defendant

26                          APEX SYSTEMS, INC.

27

28  700924093v1

INITIAL JOINT CASE MGMT. STMT.
AND PROPOSED ORDER
Case No.  C 07 4746 MMC

1    CASE MANAGEMENT ORDER

2    The Initial Joint Case Management Statement and Proposed Order is hereby adopted by the

3    Court as the Case Management Order for the case and the parties are ordered to comply

4    with this Order.

5

6    Dated:  January _____, 2008.

7

8    _____

9    HONORABLE MAXINE M. CHESNEY
     Judge of the Northern District of California

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   700924093v1                        - 7 -